HORMUTH DRYWALL & PAINTING SERVICE, INC. *v.* ERECTIONEERS, INC.
NIEHAUS INDUSTRIAL SALES COMPANY, BUCYRUS-ERIE COMPANY

[No. 1-278A53. Filed October 17, 1978. Rehearing denied November 20, 1978.
Transfer denied March 16, 1979.]

*John L. Carroll, Johnson, Carroll and Griffith,* of Evansville, for
appellants.

*William D. Stephens, John D. Clouse,* of Evansville, for appellee
Niehaus Industrial Sales Company. *George A. Porch, Bamberger,
Foreman, Oswald and Hahn,* of Evansville, for appellee Bucyrus-Erie
Company.

## STATEMENT OF THE CASE

LOWDERMILK, J.—Plaintiff-appellant Hormuth Drywall & Painting Ser-
vice, Inc. (Hormuth) appeals after the Vanderburgh Superior Court
granted judgment on the evidence in favor of defendants-appellees
Niehaus Industrial Sales Company (Niehaus) and Bucyrus-Erie Com-
pany (Bucyrus).

We affirm.

## FACTS

Bucyrus owned a factory building and contracted with Niehaus for
certain improvements to be made to the building. Neihaus subcontracted
to Erectioneers, Inc. Erectioneers subcontracted to Hormuth.

The president of Hormuth had numerous conversations with represen-

tatives of Bucyrus and Neihaus after Hormuth's attempts to collect payments from Erectioneers proved unsuccessful. During those conversations, representatives of Bucyrus and Neihaus agreed to make efforts to help Hormuth collect the sums due Hormuth from Erectioneers. Hormuth subsequently filed a lawsuit, taking a default judgment against Erectioneers but suffering an adverse judgment on the evidence at the close of Hormuth's presentation of evidence.

## ISSUES

1. Was there any evidence or legitimate inference therefrom tending to support recovery by Hormuth on the basis of an oral contract allegedly existing between Hormuth and Niehaus and between Hormuth and Bucyrus?

2. Was there any evidence or legitimate inference therefrom tending to support recovery by Hormuth on the basis of Hormuth's status as a third-party beneficiary to contracts existing between Niehaus and Bucyrus, and Niehaus and Erectioneers?

*Issue One*

Hormuth summarizes its first argument as follows:

> "There was sufficient evidence to show that Hormuth and the Owner and the General Contractor entered into an oral contract that they would assist Hormuth in receiving its money which Erectioneers owed if Hormuth would refrain from filing a lien on the real estate. This clearly establishes an oral contract and there was sufficient evidence for the jury to find that neither the Owner or the General Contractor completed its part of the Contract to the detriment of Hormuth."

A contract must be supported by consideration. *Urbanational Developers, Inc. v. Shamrock Engineering, Inc.* (1978), 175 Ind.App. 416, 372 N.E.2d 742. Judge Buchanan explained in *Spickelmier Industries, Inc. v. Passander* (1977), 172 Ind.App. 49, 359 N.E.2d 563, 564: "Not every promise creates a legal obligation which the law will enforce. A promise must be predicated upon adequate consideration before it can command performance."

Hormuth presented evidence that Bucyrus and Niehaus firmly believed that a valid no-lien contract prevented Hormuth from filing an effec-

tive lien. Mr. Hormuth's testimony reveals that, after talking with representatives of Bucyrus and Niehaus, he believed that a valid no-lien contract prevented Hormuth from filing an effective lien.[1] Furthermore, Mr. Hormuth testified that he did not promise he would not file a lien. This evidence leads to the inescapable conclusion that any promises which may have been made by representatives of Niehaus and Bucyrus to the effect that they would attempt to help Hormuth recover payments due from Erectioneers amounted to promises unsupported by consideration. At the time representatives of Neihaus and Bucyrus allegedly made the promises to help Hormuth collect its money, Niehaus and Bucyrus were confident that Hormuth could not file an effective lien and insofar as Niehaus and Bucyrus were concerned, no benefit was passing to them and no detriment was being imposed upon Hormuth. No contractual obligation was intended, and none resulted. Hormuth proved these matters with its own evidence. No contrary inference is possible.

*Issue Two*

For its second argument Hormuth contends that a jury could have determined that the contracts between Bucyrus and Niehaus and between Niehaus and Erectioneers included certain provisions which inured to the benefit of Hormuth. Bucyrus failed to demand lien waivers from Niehaus and Niehaus failed to demand lien waivers from Erectioneers as the contracts required. Hormuth maintains:

> ". . . It is submitted that there was sufficient evidence in placing these documents before the jury and in demonstrating that the relative provisions which would have insured payment to all subcontractors and materialmen, were never followed, from which the jury could have found that Hormuth was a third party beneficiary to the Contract and that that contract was breached by both the Owner and the General Contractor to the detriment of Hormuth."

Niehaus and Bucyrus respond that Hormuth is attempting to raise an issue in its appeal which it failed to raise in a timely manner in the trial court proceedings. We agree.

---

1. Apparently the parties later discovered that the no-lien contract had not been recorded. Hormuth made no independent effort to determine whether the contract had been recorded.

Until Hormuth filed its motion to correct errors, the record was totally barren of any suggestion that Hormuth relied upon a third-party beneficiary theory. Such a theory is not reflected in its complaint. No pre-trial order lists such an issue to be tried. The only evidence relating to such a theory consists of the contracts, but Hormuth made no effort to emphasize the lien-waiver provisions.[2] Hormuth made no effort to amend its complaint pursuant to Indiana Rules of Procedure, Trial Rule 15(B). Hormuth made no response of record to the motions for judgment on the evidence.

In *Aldon Builders, Inc. v. Kurland* (1972), 152 Ind.App. 570, 580, 284 N.E.2d 826, the Court of Appeals, Third District, wrote:

"A party is entitled to some notice that an issue is before the Court which has not been pleaded or has not been agreed to in a pre-trial order. This is especially true where the new issue is not unequivocably clear by the evidence being submitted. This is not being technical. This is being fair. . . .

\* \* \*"

Just as the other party is entitled to some notice of the issue, certainly the trial court is entitled to notice of the issue when it is called upon to rule on a motion for judgment on the evidence. A party may not invite error, by action or silence, and the successfully gain relief on appeal.

We hold that Hormuth's Issue Two presents nothing for review.

Judgment affirmed.

Lybrook, P.J. and

Young, J. (participating by designation) concur.

NOTE — Reported at 381 N.E.2d 490.

---

2. Mr. Hormuth did testify as to his belief that lien waivers were usually required in connection with no-lien contracts. The trial court also solicited an explanation of lien waivers. This testimony, however, did not suggest that Hormuth considered itself a third-party beneficiary in the transaction described in the case at bar. The testimony only concerned Mr. Hormuth's hesitation in believing that a no-lien contract was involved since no one had requested a lien waiver from Hormuth.