**STATE of Indiana, Defendant-Appellant,**

v.

**Rodrigo R. MERINO, Plaintiff-Appellee,**

**J.D. Patton, Raymond Wells, Roger Marsh, Eugene Hallock and Armco Steel Corporation, Defendants.**

No. 1–383A80.

Court of Appeals of Indiana,
First District.

Nov. 22, 1983.

Linley E. Pearson, Atty. Gen., Stephen C. McNutt, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Michael R. Franceschini, Steers, Sullivan, McNamar & Rogers, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

STATEMENT OF THE CASE

Appellant State of Indiana appeals from an order of the Johnson Circuit Court granting appellee Merino's motion to correct errors and setting aside a summary judgment in favor of the State. We affirm.

## FACTS

On November 20, 1979, Merino was injured when his automobile left the road and struck a guardrail in Gary, Indiana. In April 1981 the State filed suit against Merino for damages to the guardrail. Merino filed a counterclaim for personal injuries resulting from the accident. The State moved for summary judgment on Merino's counterclaim alleging that Merino had failed to comply with the notice provisions of the Indiana Tort Claims Act. Prior to any ruling on the motion, Merino dismissed the counterclaim without prejudice on November 18, 1981. The next day, Merino filed his complaint against Wells, Patton, Hallock, and Marsh, present and former employees of the State, in their individual capacities. The defendants filed a motion to join the State as a party defendant pursuant to Indiana Rules of Civil Procedure, Trial Rule 19. This was granted by order and Merino's motion to reconsider was overruled. The court thereafter granted the State's motion for summary judgment based upon a lack of notice as required by the Tort Claims Act. Merino filed a motion to correct errors requesting that the judgment be vacated and the State dismissed as a party defendant unless the State waived its defenses of lack of notice and statute of limitations. The motion was granted by order and it is from that order that the State now appeals.

## ISSUE

State presents a number of issues on appeal. However, one of the issues is dispositive of the appeal. Rephrased, that issue is as follows:

Did the trial court err in granting Merino's motion to correct errors and thereby dismissing the State as a party defendant?

## DISCUSSION AND DECISION

The court did not err in dismissing the State as a party defendant.

By its order granting Merino's motion to correct errors, the trial court effectively dismissed the State as a party defendant. The State contends on appeal that, pursuant to Trial Rule 19(A)(2)(a), the dismissal was improper. We cannot agree.

Mandatory joinder is governed by Trial Rule 19. That rule provides, in pertinent part,[1] that:

"(A) A person who is subject to service of process shall be joined as a party in the action if:

. . . .

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(a) as a practical matter impair or impede his ability to protect that interest . . . ."

It is clear from the language of the Rule that if the trial court determines the party seeking joinder has met the necessary requirements of the Rule, the court has no recourse but to grant the motion. *Cf. State ex rel. Southern Hills Mental Health Center, Inc. v. DuBois County,* (1983) Ind.App., 446 N.E.2d 996, 1001 ("shall" is mandatory in nature).

In the instant case, Merino contends that the provisions of Indiana Code section 34–4–16.5–5(b) (1982), when read in conjunction with the language of Rule 19, support the grant of the motion to correct errors. Section 5(b) states:

"Subject to the provisions of IC 34–4–16.5–4, IC 34–4–16.5–13, IC 34–4–16.5–14, and IC 34–4–16.5–15, *the governmental entity shall pay any judgment, compromise, or settlement of a claim or suit against an employee when the act or omission causing the loss is within the scope of his employment,* regardless of whether the employee can or cannot be held personally liable for the loss *and when the governor,* in the case of a claim or suit against a state employee, or the

---

1. The State raises only the quoted portions of the Trial Rule. Accordingly, we restrict our review to those portions.

governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision, *determines that paying the judgment, compromise, or settlement is in the best interest of the governmental entity.* [Emphasis supplied.]"

Section 5(b) does not mandate the payment of a judgment by the State. Rather, payment is conditioned upon the governor's determination that paying the judgment is in the best interest of the State. The State's interest is, therefore, conditional at best. Further, the State has failed to demonstrate that disposition of the action in its absence may impair its ability to protect its interest. Nowhere has the State shown that the individual party defendants are incapable of raising any issues or defenses that the State might raise. Absent such a showing, we cannot say that the State's interest, if any, in this litigation is such as to mandate joinder pursuant to Trial Rule 19(A)(2)(a). *Accord State ex rel. Stanton v. Lake Superior Court,* (1976) 265 Ind. 414, 416, 355 N.E.2d 406, 407, ("[t]hat [State Department of Public Welfare] may or may not pay benefits to the parties [in a divorce action] is not such an interest in the action as would entitle it to become a party thereto ...."). *Cf. Lake County Department of Public Welfare v. Morrow,* (1973) 158 Ind. App. 106, 109, 301 N.E.2d 787, 789 (director-elect of Lake County Department of Public Welfare clearly had interest relating to subject of action that sought to block his appointment where he had already accepted the County Board's offer, resigned his position as director of Delaware County Department of Public Welfare, and been approved by the Personnel Board to transfer to the new position).

Finding no reversible error in the State's dismissal, we, accordingly, affirm the judgment of the trial court in granting the motion to correct errors.[2]

Affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

---

**2.** Because we conclude that the dismissal was proper, we do not reach the State's other contentions.