69892. TERRELL v. LIFE INSURANCE COMPANY OF NORTH AMERICA, INC. et al.

(331 SE2d 609)

CARLEY, Judge.

Appellant's husband, who was employed by appellee Food Giant, Inc. ("Food Giant"), was accidentally killed in a motorcycle mishap in May of 1982. Appellant sought to receive life insurance benefits pursuant to a group policy held by Food Giant. Appellant's claim was denied on the ground that her husband was not covered by the policy. Appellant then instituted the instant action against appellees Food Giant, Life Insurance Company of North America, Inc., and Food Giant, Inc. Group Term Life Insurance Welfare Benefit Plan ("Plan"). The complaint, which was filed in the Superior Court of Fulton County, included not only a claim for the recovery of life insurance benefits, but also several other claims based upon the federal Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 USCA § 1001 et seq.

Appellant appeals from the grant of appellees' motions for summary judgment.

1. In two enumerations of error, appellant contends that the trial court erred in failing to examine her ERISA claims. It is clear that the trial court lacked subject matter jurisdiction of appellant's ERISA claims, with the exception of her claim for benefits under the terms of the Plan. 29 USCA § 1132 (e) (1). See *Goldberg v. Caplan*, 419 A2d 653 (Pa. 1980); *State ex rel. Montgomery Ward & Co. v. Peters*, 636 SW2d 99 (Mo. Ct. of Apps. 1982). Compare *Hoffman v. Chandler*, 431 S2d 499 (Ala. 1983). There was no error.

2. With regard to appellant's claim for benefits under the terms of the Plan, the trial court ruled that she was not entitled thereto. The basis for this ruling was that the Plan covered only full-time employees, and the court found that appellant's husband was a part-time employee. Appellant asserts that her husband was a full-time employee as that term was defined in the relevant insurance documents.

The evidence of record establishes that appellant's husband was a full-time employee of Food Giant during 1981. At the end of that year, however, Food Giant offered appellant's husband the option of accepting either a lay-off or part-time employment. Appellant's husband then voluntarily executed a document which provided in pertinent part as follows: "I have elected to accept [part-time employment] and understand that I will receive no benefits so long as I remain on a part-time status." Appellant's husband was classified as a part-time employee from January of 1982 until his death.

The Plan pursuant to which appellant sought benefits covered "all active permanent *full-time employees* who are employed and compensated by [Food Giant] (on at least a 32 hour per week basis) . . . ." (Emphasis supplied.) The insurance policy itself further provided that "[a]n individual who works *at least the number of hours in the normal work week established by [Food Giant]*, but in no event less than 32 hours per week shall be considered a full-time employee of [Food Giant]." (Emphasis supplied.)

The "normal work week established by Food Giant" for full-time employees was 40 hours. Full-time employees generally worked Monday through Friday, and they were guaranteed that they would be paid for a 40-hour work week. In contrast, part-time employees were not guaranteed any pay at all, and they were paid only for hours actually worked. Part-time employees usually worked on Sundays, and they supplemented the regular work force during the week. The work schedules for part-time employees varied from week to week. It is undisputed that appellant's husband was classified by Food Giant as a part-time employee, that his work week varied and was determined by the schedule posted weekly for part-time employees, and that he usually worked on Sundays. Appellant's husband's work week consisted of as few as 12.9 hours and as many as 53.3 hours while he was classified as a part-time employee. During that period, he worked an average of approximately 36.25 hours per week.

Because appellant's husband's average work week exceeded 32 hours, appellant contends that he must be considered a full-time employee under the definition contained in the insurance policy. Thus, appellant's contention is that the only requirement for coverage under the Plan is that an employee work at least 32 hours per week. However, it is clear from the plain and unambiguous language of the

insurance policy that coverage was limited to those full-time employees who worked at least 32 hours per week *and* who worked at least the number of hours in the normal work week established by Food Giant, to wit, 40 hours per week. The interpretation urged by appellant ignores this latter aspect of the definition of "full-time employee." The express language of the policy set forth two requirements for coverage, of which appellant's husband met only one.

"If the terms used in a contract are plain, unambiguous, and capable of only one reasonable interpretation, then they must be given their ordinary significance. [Cits.] This principle applies to insurance contracts as well as to any other contract. [Cits.] . . . Where the language of a contract is plain and unambiguous, . . . no construction is required or even permissible. [Cits.]" *Jones v. Barnes*, 170 Ga. App. 762, 765 (318 SE2d 164) (1984). See also *St. Paul Fire &c. Ins. Co. v. Cohen-Walker, Inc.*, 171 Ga. App. 542, 544 (1) (320 SE2d 385) (1984). "The policy of appellate courts is to enforce strictly an insurance contract in accordance with its unambiguous terms, even in those instances where the court's sympathy may avowedly rest with an unfortunate claimant where recovery is precluded by that strictness of policy. [Cits.]" *Executive Auto Leasing v. Guaranty Nat. Ins. Co.*, 170 Ga. App. 860, 863 (318 SE2d 733) (1984). "[C]ourts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than by increasing the amount of the insurance. [Cit.]" *St. Paul Fire &c. Ins. Co. v. Cohen-Walker, Inc.*, supra at 545.

Applying those principles to the instant case, it is apparent that appellant's husband did not meet all of the requirements for coverage, even if the language of the insurance policy, rather than that of the Plan, is considered.

The trial court correctly granted appellees' motions for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1985 —
REHEARING DENIED MAY 14, 1985 — 

*Phillip J. Walsh*, for appellant.
*Allie S. Edwards, Bruce H. Beerman, Frank M. Hull, Karen D. Wildau, Josie A. Alexander*, for appellees.