**ASSOCIATES INVESTMENT COMPANY, Associates Corporation of North America and Associates Management Corporation, Appellants (Defendants Below),**

v.

**Anne E. CLAEYS & Anne E. Claeys, Executrix of the Estate of Jack C. Claeys, Deceased, Appellees (Plaintiffs Below).**

No. 71A04–8804–CV–131.

Court of Appeals of Indiana, Fourth District.

Feb. 8, 1989.

Mark D. Boveri, Lynn C. Tyler, Barnes & Thornburg, South Bend, for appellants.

Gerald A. Kamm, John J. Roggeman, Doran, Manion, Boynton, Kamm and Esmont, South Bend, for appellees.

CONOVER, Presiding Judge.

Defendants-appellants Associates Investment Company, Associates Corporation of North America, and Associates Management Corporation (Associates) appeal a judgment and award of $66,734.94 upon the claim of Plaintiff-appellee Ann E. Claeys, individually and as executor of the estate of Jack C. Claeys (Claeys).

We affirm.

Associates articulates three issues. We have rephrased them:

1. Whether the trial court lacked subject matter jurisdiction over the Claeys's state law breach of contract claim.

2. Whether the trial court's judgment is contrary to law because there is no evidence from which to conclude Associates acted arbitrarily and capriciously under federal law.

3. Whether the trial court erred by denying Associates's motion to join additional parties.

*FACTS*

Individually and as executrix of Jack Claeys's estate Ann Claeys sued Associates. She claimed Associates failed to pay money due the estate under the profit sharing and savings plans of Associates, Jack's employer.[1] (R. 17–18). The case was tried upon stipulated facts (R. 27–31; Supp.R. 10–13), stipulated exhibits (R. 32–68; Supp. R. 14–50), and argument.

The stipulations show Jack Claeys elected to participate in Associates' profit sharing and savings plans. He designated his five daughters as beneficiaries of the plans. At the time of relevant events Jack met age and other requirements to request funds from the plans.

On April 30, 1976, Jack wrote a note to the benefits supervisor of his employer. It said:

I would like to draw out all the money which I have coming to me under the profit sharing plan.

(R. 65; Supp.R. 47). On May 10, 1976, his employer's Vice President for Compensation and Benefits responded by letter to Jack's request. The letter advised Jack about the effect of withdrawal from the plans. It asked Jack to think about the matter. It said if Jack decided to cancel, his request would be honored. (R. 66; Supp.R. 48). Jack died May 15, 1976, without responding to the letter.

Under relevant terms of the plans, a participant was paid all amounts due after the calendar quarter in which the participant either (1) died or (2) attained the age of 55 and requested withdrawal from the plans. (R. 53). On August 9, 1976, the attorney for Jack's estate demanded the monies be paid to the estate. (R. 30, 67). Instead, in September, 1976, Associates paid the money to the named beneficiaries, Jack's daughters. (R. 30).

On February 8, 1977, Ann and the estate sued. They argued Jack, before his death, had substantially complied with the contractual requirements for distribution of plan proceeds to him and the money rightfully belonged to the estate. (R. 74–76). Associates argued the doctrine of substantial compliance did not entitle the estate to the funds and the funds had to be distributed in accord with the terms of the plan, that is to the named beneficiaries. (R. 80–85).

On February 6, 1979, Associates moved to join Jack's daughters as parties defendant. (R. 69–70; Supp.R. 6–7). The motion for joinder was denied February 26, 1979. (R. 69; Supp.R. 51). In a letter to the parties the Court cited, as a basis for denial of joinder, *State ex rel. Public Service Co. of Indiana v. Pike Circuit Court* (1963), 244 Ind. 481, 192 N.E.2d 149. (R. 70; Supp.R. 52).

Eight years later, on March 17, 1987, the estate moved for supplemental oral argument. (Supp.R. 54). It submitted a memo-

---

1. Jack's employer was Associates Management Company, subsidiary of Associates Corporation of North America, the successor to Associates Investment Company. (Stipulation paragraph 3, at R. 29).

randum in support of the motion. The estate again argued before his death Jack substantially complied with all the requirements for distribution to him of plan assets. (Supp.R. 56–58). In response Associates filed a memorandum. Associates again argued substantial compliance was not an issue because the express terms of the agreements governed the parties' actions. (Supp.R. 62–67).

On January 7, 1988, nearly 11 years after the complaint was filed, the trial court entered judgment against Associates.

In its motion to correct errors Associates raised for the first time an allegation the trial court lacked subject matter jurisdiction. Associates asserted the claim related to terms and conditions of an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001, et seq. (ERISA). (R. 1–14). Associates asserted ERISA preempted and superseded all state statutes or common law relating to the Claeys's claims. The motion also alleged the court erred when it denied Associates' motion to join additional parties.

The trial court denied the motion to correct errors. Associates appeals.

## I.

Associates argues the judgment in this case is void because the trial court lacked subject matter jurisdiction. Associates asserts ERISA preempts state law claims. Associates asserts ERISA preemption requires this court to review the claim in light of ERISA provisions. Associates analogizes to cases involving the Labor Relations Management Act and the exclusive jurisdiction of the National Labor Relations Board in those cases.

The estate argues Associates has waived this argument by requesting the case be remanded with direction to proceed under ERISA and by requesting Jack's daughters be joined upon remand. The estate argues Associates has acknowledged state court subject matter jurisdiction under 29 U.S.C. Sec. 1132(e)(1). The estate asserts its claim is only peripherally and indirectly related to the pension plan and not preempted by

ERISA, because Associates paid benefits contrary to the plan and because it paid money to the beneficiaries instead of to Jack or his estate. The estate notes federal cases have acknowledged concurrent state court jurisdiction. The estate otherwise distinguishes cases cited by Associates.

Generally, a party may not raise an issue for the first time in his motion to correct error or on appeal when that issue was not raised in the trial court. E.g. *Rodgers v. Rodgers* (1987), Ind.App., 503 N.E.2d 1255, 1257, *trans. denied; Koop v. Bailey* (1986), Ind.App., 502 N.E.2d 116, 118, n. 3; *Thompson v. Daviess–Martin County REMC* (1985), Ind.App., 486 N.E.2d 1102, 1104. *Accord, Singleton v. Wulff* (1976), 428 U.S. 106, 120, 98 S.Ct. 2868, 2877, 48 L.Ed.2d 826. However, a court without subject matter jurisdiction cannot render a valid judgment and the question of subject matter jurisdiction can be raised at any time. E.g. *Matter of Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 780, *reh. denied.*

In *Adoption of H.S.* Judge Neal, speaking for the First District, discussed jurisdiction and the application of state law. He said

Jurisdiction of the subject matter involves the *power* of the court to hear and determine a general class of cases to which the proceedings belong. But subject matter jurisdiction does not depend upon the sufficiency or correctness of the averments in the complaint, the stating of a good cause of action, the validity of the demand, or the plaintiff's right to relief. It does not depend upon the regularity of the proceedings or the correctness of the decision. It is only dependent upon the subject matter to which it relates. *Myers v. Sell* (1948), 226 Ind. 608, 81 N.E.2d 846, 82 N.E.2d 81; *Brown [v. State], supra* [ (1941), 219 Ind. 251, 37 N.E.2d 73]; *Brendanwood Neighborhood Association v. Common Council of Lebanon* (1975), 167 Ind.App. 253, 338 N.E.2d 695; *Hirschman v. Marion County Plan Commission* (1958), 128 Ind.App. 520, 146 N.E.2d 277, *trans. de-*

*nied.* The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether this kind of claim the plaintiff advances falls within the general scope of authority conferred upon such court by the constitution or statute. *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99.

Jurisdiction of the subject matter does not mean the jurisdiction of a particular case. A court can have jurisdiction over a particular class of cases to which the case belongs, but not jurisdiction over the particular case because of the existence of particular facts contained therein. *Public Service Co. v. Decatur County REMC* (1977), 173 Ind.App. 198, 363 N.E.2d 995. Failure to timely raise the issue of jurisdiction of a specific case effects a waiver thereof. *Farley [v. Farley], supra* [ (1973), 157 Ind.App. 385, 300 N.E.2d 375].

If a litigant does not follow a statutory remedy when one is provided, it is said that the court does not acquire subject matter jurisdiction. *State Board of Tax Commissioners v. Oliverius* (1973), 156 Ind.App. 46, 294 N.E.2d 646; *Cooper v. County Board of Review of Grant County* (1971), 150 Ind.App. 232, 276 N.E.2d 533; *Public Service Commission of City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308; *Decatur County REMC v. Public Service Co.* (1971), 150 Ind.App. 193, 275 N.E.2d 857. Though one who seeks the benefit of a statutory proceeding must comply with all procedural terms of the statute, failure to comply with such niceties will subject the complaint to dismissal for failure to state a claim pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), after which the plaintiff can amend. *State ex rel. Young, supra. A court does not lose jurisdiction by* committing prejudicial error or *applying the wrong principle of law, or making an erroneous decision.* (Citations omitted). (Our emphasis).

*Adoption of H.S.,* 483 N.E.2d at 780–781.

■ Associates's argument the trial court lacked subject matter jurisdiction fails. ERISA specifically and unequivocally designates state courts as a proper forum for civil actions to recover benefits due under the terms of an employee benefit plan. 29 U.S.C. Sec. 1132(a)(1)(B); (e)(1).[2] Unlike the exclusive jurisdiction of the National Labor Relations Board discussed in *International Longshoremen's Association, AFL–CIO v. Davis* (1986), 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389, and cited by Associates, this case is not one in which Congress established an exclusive federal forum to adjudicate these issues. The state trial court had concurrent subject matter jurisdiction with the federal district court. 29 U.S.C. Sec. 1132(e)(1). Cf. *Van DeHay v. U.S. National Bank* (1988) 90 Or.App. 258, 752 P.2d 848, 850, (unlike claims which are subject to the exclusive federal jurisdiction provision, common law claims are not taken outside the *jurisdiction* of state courts by virtue of federal preemption; if a claim is preempted the courts—state or federal—cannot afford *relief* on it, but that is a matter of defense, not jurisdiction); *Duffy v. Brannen* (1987), 148 Vt. 75, 529 A.2d 643, 648 (concurrent jurisdiction is vested in state courts *only* with respect to a civil action commenced by a participant or beneficiary seeking to recover or clarify rights to benefits "under the terms of the plan," or to enforce rights "under the terms of the plan." 29 U.S.C.

**2.** Sec. 1132. Civil enforcement
  (a) Persons empowered to bring a civil action
A civil action may be brought—
  (1) by a participant or beneficiary—

. . . . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . . . .

(e) Jurisdiction
(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

Sec. 1132(a)(1)(B).; *Pacific Bell v. Workers' Compensation Appeals Board* (1986), 231 Cal.Rptr. 484, 186 Cal.App.3d 1603 (State and federal courts have concurrent jurisdictions of civil actions in which an employee seeks to recover benefits or clarify the employees rights under an ERISA–controlled pension plan.) *Terrell v. Life Insurance Co. of North America, Inc.* (1985), 174 Ga.App. 753, 331 S.E.2d 609, 610 (State court had subject matter jurisdiction to hear claim for benefits under the terms of an [employee benefit ERISA] plan.) 29 U.S.C. Sec. 1132(e)(1); *Hoffman v. Chandler* (1983), Ala., 431 So.2d 499, 503 (State courts had concurrent subject matter jurisdiction with federal courts to hear claim seeking to recover benefits due under terms of [employee benefit] plan.) 29 U.S.C. Sec. 1132(e)(1); *Johnson v. Transworld Airlines, Inc.* (1983), 196 Cal.Rptr. 896, 149 Cal.App.3d 518 (where a claim exists under both state law and under ERISA, the state law claim survives only if the state courts have concurrent jurisdiction with the U.S. district courts or if the claims are not preempted by ERISA.... [A]llegations [under 29 U.S.C. Sec. 1132(a)(1)(B) make] out a cause of action over which state courts ... [have] concurrent jurisdiction.) But see *Hagler v. J.F. Jalenko & Co.* (1986), Mo.App., 719 S.W.2d 486 (Plaintiff's common law contract action for benefit plan proceeds preempted by ERISA. Therefore the trial court lacked subject matter jurisdiction. The Appellee was not permitted remand to prove his case under ERISA, because he had not tried to do so at trial.)

We are aware the Supreme Judicial Court of Massachusetts decided ERISA preemption concerned subject matter jurisdiction. It vacated and remanded a trial court judgment decided on the basis of state law where the appellant raised preemption by ERISA for the first time on appeal. See, *Barry v. Dymo Graphic Systems, Inc.* (1985), Mass., 478 N.E.2d 707. In *Barry* the court concluded the question of ERISA preemption raised a question of subject matter jurisdiction which could be raised for the first time on appeal, then analyzed the substantive nature of the claim there. The court found the state trial court had not had the opportunity to review the facts in light of ERISA and remanded for such consideration. The Massachusetts court did not distinguish between preemption of forum and preemption of substantive law.

The California Court of Appeal made the distinction. In *Hughes v. Blue Cross of Northern California* (1988), 245 Cal.Rptr. 273, 199 Cal.App.3d 958, petition for review granted, that court reviewed a claim of ERISA preemption raised for the first time in Appellant's Reply Brief. The court noted the record contained no factual basis to apply federal law and said

Under *Pilot Life [Insurance Co. v. Dedeaux* (1987) 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39]*, moreover, federal preemption is a matter of choice of law, not affecting subject matter jurisdiction, that may be waived if not raised in a timely manner. Section 502 of ERISA (29 U.S.C. Sec. 1132.) provides that "(s)tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." Subsection (a)(1)(B) provides: "A civil action may be brought—(1) by a participant or beneficiary— ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ..." Under this subsection, an action concerning denial of claim under an employee group medical insurance policy plainly falls within the concurrent jurisdiction of the federal courts. A companion case to Pilot Life removes any doubt on the question. In *Metropolitan Life Ins. Co. v. Taylor* (1987) [481] U.S. [58], 107 S.Ct. 1542, 5 L.Ed.2d 55, the plaintiff had sued in state court for the denial of disability benefits under an employee group insurance policy, alleging causes of action for breach of contract, retaliatory discharge, and wrongful termination of benefits. Relying chiefly on the analogy between the Labor Management Relations Act (29

U.S.C. Sec. 141 et seq.) and ERISA (29 U.S.C. Sec. 1001 et seq.), the Court held that the plaintiff's action was removable to federal courts. The holding necessarily implies that the state court had subject matter jurisdiction over the action. Federal removal jurisdiction is derivative; only cases properly within the jurisdiction of state court are subject to removal. As explained in *Lambert Co. v. Balt. & Ohio R.R. Co.* (1922) 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671, "(t)he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." (See also *Wamp v. Chattanooga Housing Authority, etc.* ([6th Cir.] 1975) 527 F.2d 595, 597.) If a defendant does not exercise his right of removal to federal court, the state court properly retains jurisdiction. (*Avco Corp. v. Aero Lodge 735* (1968) 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126.)

In *Richland Hospital, Inc. v. Ralyon* (1987), 33 Ohio St.3d 87, 516 N.E.2d 1236 the Ohio Supreme Court split on the issue of waiver of ERISA preemption. The majority asserted, without discussion, the ERISA claim presented for the first time on appeal presented an issue of subject matter jurisdiction which could be heard on appeal. The dissent opined the preemption issue was not jurisdictional because the state courts had concurrent jurisdiction under 29 U.S.C. Sec. 1132(e)(1). The dissent concluded the issue was waived because it was not raised at trial.

Although phrased in the language of subject matter jurisdiction, Associates's argument does not actually concern the power of the court to decide the case. Associates actually argues preemption of state substantive law requires reversal. Associates cites to *International Longshoremen's Association v. Davis, supra*. Associates' selective quote from *Davis* on page 11 of its brief says "[a] claim of ... preemption is a claim that the state court has no power to adjudicate the subject-matter

of the case[.]" However, in *Davis* the U.S. Supreme Court actually said "A claim of [*San Diego Building Trades Council v.*] *Garmon* [(1959), 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775] preemption is a claim that the state court has no power to adjudicate the subject matter of the case, ..." 106 S.Ct. at 1913. The court carefully explained *Garmon* preemption concerns choice-of-forum, not choice-of-law. 106 S.Ct. at 1912.

There is no doubt ERISA preempts state substantive law "insofar as [it] ... relate[s] to any employee benefit plan described ..." in the Act and not exempt under it. 29 U.S.C. Sec. 1144(a). There is little doubt this case should have been litigated in accord with ERISA's substantive provisions. E.g. *Pilot Life Insurance Co. v. Dedeaux* (1987), 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (ERISA preempted State law cause of action asserting improper processing of insurance benefits); *MacLean v. Ford Motor Co.* (7th Cir.1987), 831 F.2d 723 (ERISA preempted state law governing testamentary transfers); *Young v. Standard Oil* (S.D.Ind.1987) 660 F.Supp. 587 (ERISA preempted state law claim to recover insurance benefits).

If Congress had preempted state courts from hearing these kinds of cases the judgment would be void because the court would have had no power to hear and decide it. However, where the issue is one in which Congress preempts choice of law, the question is not whether the court had the authority to address the claims, but whether it properly applied the law. In application of state law our courts frequently state parties cannot on appeal assert a new theory of the case. E.g., *Marshall County Redi–Mix, Inc. v. Matthew* (1984), Ind., 458 N.E.2d 219; *Van Bibber v. Norris* (1981), 275 Ind. 555, 419 N.E.2d 115. In at least one case this court said, without lengthy analysis, an appellant waived an issue of federal law supremacy where appellant failed to raise the issue in the pleadings, at trial, or in the motion to correct errors. See, *FMC Corporation v. Brown* (1988), Ind.App., 526 N.E.2d 719, 727.

If claims are not taken from the jurisdiction of a state court, but the type of relief which can be granted is preempted by federal law, the preemption issue is a matter of defense, not jurisdiction. *Van DeHay v. U.S. National Bank* (1988), 90 Or.App. 258, 752 P.2d 848, 850. To properly preserve an affirmative defense the party with the burden of proving it must have set it forth in a responsive pleading or have litigated it by consent of the parties. Ind. Rules of Procedure, Trial Rule 8(C); *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 159. A party may not raise an issue in his motion to correct error and on appeal which could have been raised at trial, but was not. *Cox v. First National Bank of Woodlawn* (1981), Ind.App., 426 N.E.2d 426, 432, n. 4; *Van Bibber v. Norris* (1981), 275 Ind. 555, 573, 419 N.E.2d 115, 126. Parties are bound by the theory upon which the case was tried. *THQ Venture v. SW, Inc.* (1983), Ind.App., 444 N.E.2d 335, 340.

■ It is incumbent upon litigants to properly and timely raise choice of law questions in the trial court. *Jameson Chemical Co., Ltd. v. Love* (1980), Ind. App., 401 N.E.2d 41, 45, modified 403 N.E. 2d 928. One cannot sit idly by, permit the court to proceed under the wrong law, thus inviting error, and then complain because the court accepted the invitation. *Cf.* e.g. *Jolly v. Modisett* (1971), 257 Ind. 426, 429, 275 N.E.2d 780, 781, (a party will not be permitted to take advantage of errors he committed, invited, or induced the trial court to commit or which were the natural consequences of his own neglect or misconduct). *Accord, Consolidated Rail Corp. v. Thomas* (1984), Ind.App., 463 N.E.2d 315, 319; and *Hormuth Drywall & Painting Service, Inc. v. Erectioneers, Inc.* (1978), 178 Ind.App. 16, 19, 381 N.E.2d 490, 493 (a party may not invite error by action or silence and then successfully gain relief on appeal).

■ Associates failed to timely present to the trial court any issue concerning the preemption of state substantive law by ERISA. As the U.S. Supreme Court noted in *Singleton, supra,* presentation of claims to the trial court is essential so the parties may have an opportunity to offer all the evidence they believe relevant to the issues and so litigants may not be surprised on appeal by final decisions upon which they have had no opportunity to introduce evidence. *Singleton,* 428 U.S. at 120, 96 S.Ct. at 2877. Accord, *Larabee v. Booth* (1984), Ind.App., 463 N.E.2d 487, 491.

In this case our state courts had concurrent jurisdiction to hear an ERISA claim to recover employee benefits. It was not asked to do so. Associates's claim of ERISA control is waived. Cf. *Hagler v. J.F. Jelenko & Co.* (1986), Mo.App., 719 S.W.2d 486 (A terminated employee could not raise a new theory that State had concurrent jurisdiction over action for benefits under ERISA, after he had tried and submitted the case as a common law breach of contract claim over which trial court lacked subject matter jurisdiction).

Associates waived ERISA choice-of-law preemption.

## II.

Associates next contends this court should remand for relitigation under ERISA. Associates asserts there is no evidence from which to conclude it acted arbitrarily and capriciously as required for recovery under ERISA.

The Estate does not question the applicability of the arbitrary and capricious standard asserted by Associates.[3] Instead, the Estate argues, if ERISA is applied, there was evidence from which to conclude Associates acted arbitrarily and capriciously by not paying Jack's profit sharing and savings money to his estate. It argues Associates payment to Jack's daughters ignored the clear terms of the plans permitting withdrawal of funds by plan participants. The Estate argues the evidence shows Associates attempted to impose an additional requirement that Jack must decide whether he wanted to cancel his request for funds

---

**3.** We do. See e.g. *Bruch v. Firestone Tire and Rubber Co.,* 828 F.2d 134 (3d Cir.1987) (declining to apply arbitrary and capricious standard to plan administered by the employer).

before Associates would honor the request. The Estate avers Associates acted arbitrarily and capriciously when it later claimed Jack's request was never official.

■ Having found Associates waived the application of ERISA, remand is unnecessary. Even if we did so, the result would be the same. If the trial court were to decide the case under ERISA, it could conclude from the evidence Associates's denial of payment to Jack's estate and its payment to Jack's daughters was arbitrary and capricious. Because we must affirm the decision of the trial court if it can be sustained on any legal theory, *Seibert v. Mock* (1987), Ind.App., 510 N.E.2d 1373, 1375, n. 1, we would affirm on the basis of ERISA as well. Cf. *Skelton v. Lowen* (4th Cir.1988), 850 F.2d 200 (case tried under Labor Management Relations Act, affirmed in part and reversed in part under ERISA).

The "arbitrary and capricious" standard greatly restricts a trial court's review of actions taken by employee benefit plan administrators. The United States Court of Appeals for the 2d Circuit articulated the standard when discussing actions taken by a pension committee. That court said:

> In order to avoid excessive judicial interference with pension plan administration, the federal courts of appeals generally have applied an "arbitrary and capricious" standard of review in actions challenging the decisions of plan administrators.... We have stated that the lawful, discretionary acts of a pension committee should not be disturbed, absent a showing of bad faith or arbitrariness.... Where the trustees of a plan impose a standard not required by the plan's provisions, or interpret the plan in a manner inconsistent with its plain words, or by their interpretation render some provisions of the plan superfluous, their actions may well be found to be arbitrary and capricious.... However, the limited standard of review applied in these cases does mean the trial court should not conduct a *de novo* hearing on a rejected applicant's eligibility for benefits, ... or disregard a pension committee's reasonable interpretation of plan provisions.

(citations omitted). *Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan* (2d Cir.1983) 698 F.2d 593, 599, *cert. denied* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983). The United States Court of Appeals for the 7th Circuit expressed the standard similarly. It said:

> A Plan's denial of disability benefits may not be disturbed under ERISA unless the action was arbitrary or capricious.... When the decisionmaker makes an effort to decide according to the evidence and the legal rules, the result satisfies this legal test whether or not the decision is the one a court would have made. A decision is arbitrary or capricious when the decision maker "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence ..., or is so implausible that it could not be ascribed to a difference in view or the product of ... expertise." ...
>
> The "arbitrary or capricious" standard calls for less searching inquiry than the "substantial evidence" standard that applies to Social Security disability cases. Although it is an overstatement to say that a decision is not arbitrary or capricious whenever a court can review the reasons stated for the decision without a loud guffaw, it is not much of an overstatement. The arbitrary or capricious standard is the least demanding form of judicial review of administrative action. Any questions of judgment are left to the agency, or here to the administrator of the Plan.... Before condemning a decision as arbitrary or capricious a court must be very confident that the decisionmaker overlooked something important or seriously erred in appreciating the significance of the evidence.

(Citations omitted). *Pokratz v. Jones Dairy Farm, et al.* (7th Cir.1985), 771 F.2d 206, 208–209.

If an arbitrary and capricious standard were applied here, the facts of this case

would require us to affirm the trial court's judgment in any case.

The profit sharing and savings plans at issue here provided for distribution of all amounts credited to the participant as of the end of the calendar quarter in which any of several events occurred. Included among them: (1) death of the participant, and (2) attainment of age 55 and a written request to the company to withdraw as a participant. (R. 39–40, 53–54; Supp.R. 21–22; 35–36). These plans also provided:

> If a participant is not living at the time of payment of a sum or sums owing to such person pursuant to this Agreement, such sum or sums shall be paid to the beneficiary theretofore designated by the participant in the manner prescribed by the Board of Directors of the Trust, or to the participant's personal representative if no such beneficiary has been designated or predeceases the participant.

(paragraph 11.6, R. 45, Supp.R. 27; paragraph 9.6, R. 58, Supp.R. 40). Jack requested withdrawal of his funds. Jack was more than 55 years old.

Associates interpreted the distribution provision quoted above to require the plan participant to be living at the time of distribution in order to take the benefits contrary to his named beneficiaries. This interpretation renders superfluous the provisions of the plans allowing participants to withdraw their funds upon written request after attaining age 55. Because the interpretation by Associates rendered those provisions superfluous, Associates's interpretation and subsequent distribution of Jack's money was arbitrary and capricious. Cf. *Brug v. Pension Plan of the Carpenters Trust Fund for Northern California* (9th Cir.1982), 669 F.2d 570 (retroactive application of an amendment depriving a participant of a vested interest in a fund was arbitrary and capricious); *Morgan v. Mullins* (8th Cir.1981), 643 F.2d 1320 (trustee's interpretation of plan document rendered superfluous some requirements of the plan); *Maness v. Williams* (8th Cir.1975), 513 F.2d 1264 (imposing a standard not required rendered a plan provision superfluous).

### III.

Lastly, Associates contends the trial court erred when it denied Associates' February 6, 1979, motion to join Jack's 5 daughters. Associates' motion asserted it had distributed the profit sharing funds to the daughters. It asserted Associates would have an action against the daughters to recover monies wrongfully paid if it were determined the monies should have been paid to Jack or his estate. The motion further asserted in the daughters' absence, complete relief could not be granted the existing parties. (Supp.R. 6–7, Paragraphs 3 & 4). Associates' motion for joinder was denied February 26, 1979, after hearing. (Supp.R. 51). No transcript of the hearing is provided and there is no memoranda in support of or in opposition to Associates' joinder motion. Given the response to our *writ of certiorari*, we assume no memoranda was submitted, no affidavits or additional evidence was taken, and no transcript of the hearing was made.

In its Motion to Correct Error Associates asserted Trial Rule 19 required joinder if judgment rendered in the absence of these persons might be prejudicial to them or to those already parties. Associates asserted the judgment rendered in this case exposes Associates to the risk of incurring double liability. (R. 1–2, paragraph 2). Associates posits it would be subject to a substantial risk of incurring double or inconsistent obligations because the estate and the daughters claimed competing interests in the funds. It claims the court should have "... assessed their indispensability under T.R. 19(B) ...[.]" It says *State ex rel. Public Service Co. of Indiana v. Pike Circuit Court* (1963), 244 Ind. 481, 192 N.E.2d 149, can be distinguished because the nonparties sought to be joined there were engaged in litigation bearing no relationship to the main claim. (R. 11–12).

On appeal Associates cites to *Collins v. Teachers Ins. and Annuity Association of America* (D.R.I.1984) 587 F.Supp. 403; 2 Harvey, *Indiana Practice* 214 (West.1987); *State v. Merino* (1983), Ind.App., 456 N.E.2d 437; and to *Indispensable Parties*

*in the Federal Courts,* 65 Harv.L.R. 1050 (1952), reprinted in 2 Harvey *Indiana Practice* 230 (West 1987). Associates argues the court was required to grant its motion for joinder, and *Pike, supra,* is inapplicable because this case involves competing claims to the same funds.

The estate argues the court did not err by denying Associates' joinder motion, then notes the court found determination of the estate's rights is independent of any claim Associates may have against the daughters. The daughters were not necessary to adjudication of the controversy between the estate and Associates, it claims. The estate asserts the Court "had a right to determine the parties sought to be [joined] were not necessary parties ..." (Appellee's Br. 19). Because the case had been set for trial by the time Associates made its joinder motion, the estate asserts, the court could have determined it was not feasible to add the parties (App.Br. 19–20). Citing *State v. Merino,* (1983), Ind.App., 456 N.E.2d 437, the estate postulates Associates could and did raise its contention it had paid the proper parties; and failed to show it could not protect and defend itself in this litigation.

In relevant part, T.R. 19 provides:

(A) Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if:

(1) in his absence complete relief cannot be accorded among those already parties; or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

    (a) as a practical matter impair or impede his ability to protect that interest, or

    (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

(B) Determination by Court Whenever Joinder Not Feasible. Notwithstanding subdivision (A) of this rule when a person described in subsection (1) or (2) thereof is not made a party, the court may treat the absent party as not indispensable and allow the action to proceed without him; or the court may treat such absent party as indispensable and dismiss the action if he is not subject to process. In determining whether or not a party is indispensable the court in its discretion and in equity and good conscience shall consider the following factors:

(1) the extent to which a judgment rendered in the person's absence might be prejudicial to him or those already parties;

(2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

(3) whether a judgment rendered in the person's absence will be adequate;

(4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Here, the trial court said it denied the motion for joinder because those sought to be joined were "not necessary parties to the adjudication of the controversy between the plaintiffs and the defendants." (R. 70, Supp.R. 52). The court based its decision in *State ex rel. Public Service Co. of Indiana v. Pike Circuit Court* (1963), 244 Ind. 481, 192 N.E.2d 149. It said Pike held the "practice of a party defendant bringing in a new party in order to litigate between themselves matters which cannot offset the right of plaintiff to recover is not permitted." (R. 70, Supp.R. 52).

Joinder in *Pike* was sought under rules applicable before adoption of our trial rules in 1970. Further, *Pike* was an attempt to join causes of action which were separate and distinct and the relief sought in each cause was entirely different. *Pike,* 244 Ind. at 489, 192 N.E.2d at 153.

Trial Rule 19 is based upon Federal Rules of Civil Procedure 19, adopted in 1966. 2 Harvey, *Indiana Practice*, Rule 19, Author's Comments Sec. 19.3, at 216 (West 1987). A T.R. 19 motion may be made before or during trial. T.R. 12(B)(7); (H)(2); *Ligon Specialized Hauler, Inc. v. Hott* (1979), 179 Ind.App. 134, 384 N.E.2d 1071, 1076. Thus, Associates' motion was timely.

The language of T.R. 19 gives a court no recourse but to grant a motion for joinder if the trial court determines the party seeking joinder has met the requirements of the rule. *State v. Merino*, 456 N.E.2d at 438.

The party seeking joinder bears the burden of showing it necessary. The base requirement of T.R. 19 is the party sought to be joined must be "subject to service of process." There is nothing in this record to indicate movants showed Jack's daughters were subject to service of process.

On appeal, all reasonable presumptions are indulged in favor of rulings and judgments of the trial court. The record must exhibit errors for which reversal is sought. We will not presume anything in favor of appellant to sustain his alleged errors. *First National Bank of Mishawaka v. Penn–Harris–Madison School Corp.* (1970), 255 Ind. 403, 406, 265 N.E.2d 16, 19. This record fails to show Jack's daughters were subject to service of process. We will not presume they were. Associates has failed to show the court erred by denying its motion to join them.

AFFIRMED.

MILLER and CHEZEM, JJ., concur.