Argued and submitted November 23, 1987, affirmed in part, otherwise reversed and remanded with instructions April 6, petition for attorney fees allowed by opinion June 22, 1988

VAN DE HEY et al,
*Appellants,*

*v.*

UNITED STATES NATIONAL BANK OF OREGON,
*Respondent,*

*v.*

VAN DE HEY TRACK TRANSPORT, INC.,
*Appellant.*

(E85-2346; CA A43051)

752 P2d 848

Paul D. Clayton, Eugene, argued the cause and filed the briefs for appellants.

Gregory A. Chaimov, Portland, argued the cause for respondent. With him on the brief were Thomas C. Sand and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs are the principal owners of Van De Hey Track Transport, Inc. (corporation), and they are the trustees of certain employe benefit plans for employes of the corporation. The plans are subject to the Employee Retirement Income Security Act of 1974 (ERISA). 29 USC § 1001 *et seq.* Defendant bank made loans to the corporation, which executed and renewed a promissory note in the bank's favor. As part of the loan transaction, some of the employe benefit plans also executed and renewed various documents, including collateral agreements and assignments, by which they pledged time certificates of deposit belonging to them as security for the bank's loans to the corporation. Plaintiffs later learned, apparently from their attorney, that the pledge of the plan assets might violate the plan agreements and 29 USC § 1106(a)(1)(B), a provision of ERISA that proscribes, under defined circumstances, the "lending of money or other extension of credit between the plan and a party in interest." Plaintiffs asked the bank to release the security and, according to the affidavit of Roche J. Van De Hey, "offered to replace the principal amount of the loan." The bank refused.

Plaintiffs then brought this action, stating claims for rescission, declaratory relief and conversion. The gravamen of all of the claims is that the bank induced plaintiffs to pledge the plan assets as security, selected and prepared the documents for the transactions and misrepresented that "this was a legal transaction." The bank counterclaimed, seeking a judgment against the corporation on the note and foreclosure of the security.[1] The trial court granted the bank's motion for partial summary judgment on plaintiffs' rescission and conversion claims. It based its ruling in part on its interpretation of ERISA and in part on issues of state law. The bank then moved for summary judgment on its counterclaim and for entry of final judgment. The court granted the motions, dismissed plaintiffs' claim for declaratory relief, denied plaintiffs' motion to file an amended complaint and entered a

---

[1] The counterclaim sought judgment on the note only against the corporation, but the collateral upon which foreclosure was sought consisted of the plans' assets. The bank also pleaded a second counterclaim, seeking a foreclosure judgment against one of the plans directly. However, the bank asked for relief on its second counterclaim only in the alternative to the relief which it sought and was awarded through its first. The singular references to a counterclaim in this opinion relate to the first counterclaim.

judgment which denied relief to plaintiffs on their claims, awarded the bank damages against the corporation on the note and ordered foreclosure of the security interest in the time certificates. Plaintiffs and the corporation appeal.

The threshold question is presented by the bank's argument that the trial court lacked subject matter jurisdiction over plaintiffs' claims. It argues that the claims come within the exclusive jurisdiction of the federal courts under 29 USC § 1132 and within the provision of ERISA, codified as 29 USC § 1144(a), which preempts state law relating to employe benefit plans. The bank acknowledges that it did not make the jurisdictional argument to the trial court[2] but notes, correctly, that questions of subject matter jurisdiction can be raised at any time during the proceedings in a case. The bank does not mention the corollary principle that we are required to consider jurisdictional questions *sua sponte* when the parties do not raise them. Our jurisdictional inquiry therefore extends to the bank's counterclaims as well as to plaintiffs' claims.

The ERISA jurisdictional provision, 29 USC § 1132, states, in pertinent part:

"(a) A civil action may be brought—

"(1) by a participant or beneficiary—

"(A) for the relief provided for in subsection (c) of this section, or

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

"(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

"(4) by the Secretary, or by a participant, or beneficiary

---

[2] The bank did raise a jurisdictional issue as an affirmative defense. However, the procedural methods by which the trial court decided the case made it unnecessary for that defense to be adjudicated.

for appropriate relief in the case of a violation of 1025(c) of this title;

"(5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or

"(6) by the Secretary to collect any civil penalty under subsection (i) of this section."

Under 29 USC § 1132(e), federal court jurisdiction is exclusive over all claims which subsection (a) authorizes, except claims under subsection (a)(1)(B). The claims here do not implicate that subsection.

The preemption provision of ERISA, 29 USC § 1144(a), states, as material, that the federal act "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" to which ERISA applies. "State law" is defined by 29 USC 1144(c)(1) to include "laws, *decisions,* rules, regulations, or other State action having the effect of law." (Emphasis supplied.) The United States Courts of Appeals have construed the preemption provision as reaching "common-law rules that provide remedies for misconduct growing out of the administration of [an] ERISA plan." *Martori Bros. Distributors v. James-Massengale,* 781 F2d 1349, 1357 (9th Cir), *cert den* ___ US ___ (1986). (Footnote omitted.) However, the courts' case-by-case decisions about whether *particular* kinds of common law actions are preempted have followed a somewhat erratic course. The preemption section contains several exceptions, none of which the parties argue is applicable here.

 There has been an abundance of case law construing the ERISA jurisdictional provision and even more interpreting the preemption provision. Due in part to the volume of that law and to the diverse results that the cases have reached, the jurisdictional and preemption questions are complex. That complexity is compounded here by the fact that the parties do not differentiate between the two questions and appear to regard them as mirror images of one another. The bank discusses the language of 29 USC § 1132, but cites no case or other authority which relates principally to that section. All of the authority that the bank cites relates to preemption, and it apparently understands that, if a common law

claim is preempted by ERISA, state courts are divested of subject matter jurisdiction over the claim. That understanding is not correct. Unlike claims which are subject to the exclusive federal jurisdiction provision, common law claims are not taken outside the *jurisdiction* of state courts by virtue of federal preemption; if a claim is preempted, the courts—state or federal—cannot afford *relief* on it, but that is a matter of defense, not jurisdiction. *See Rogers v. Saylor,* 88 Or App 480, 746 P2d 718 (1987), *rev allowed* 305 Or 273 (1988). Were we to conclude that any or all of the claims and the counterclaims here are outside the federal courts' exclusive jurisdiction and within the jurisdiction of the state courts, the preemption issue might become relevant to our disposition of the merits of the appeal. However, we conclude that the trial court lacked jurisdiction over all of plaintiffs' claims and, except in one particular to which preemption is not relevant, over the bank's counterclaims as well.[3]

There are two arguable bases for concluding that all or part of this case is subject to exclusive federal jurisdiction: 29 USC § 1132(a)(2) authorizes "fiduciaries," such as plaintiffs, to bring claims for appropriate relief under 29 USC § 1109; and 29 USC § 1132(a)(3) provides for actions by fiduciaries to enjoin and obtain other equitable relief in connection with "any act or practice which violates any provision of [ERISA] or the terms of [a] plan." Normally, for a defendant to be subject to the remedies of 29 USC § 1109 and to jurisdiction under 29 USC § 1132(a)(2), it must be a "fiduciary" of the plan, as defined by 29 USC § 1002(21). The bank is not a fiduciary under the ERISA definition. Its relationship to plaintiffs, the corporation and the plans involves the performance of a regular banking service and, insofar as the complaint reveals, the bank has not been given or exercised any discretionary authority or control over the management or the assets of the plans. *See Brandt v. Grounds,* 687 F2d 895 (7th Cir 1982); *O'Toole v. Arlington Trust Co.,* 681 F2d 94 (1st Cir 1982).

However, in *Thornton v. Evans,* 692 F2d 1064 (7th

---

[3] Some courts have hypothesized that there is a complementary relationship between preemption and exclusive federal jurisdiction of the kind that the bank perceives. However, those courts have nevertheless recognized that the questions are separate and different. *See Kuntz v. Reese,* 760 F2d 926, 935 (9th Cir 1985), *cert den* \_\_\_\_ US \_\_\_\_ (1986).

Cir 1982), the court concluded that, although certain defendants were not fiduciaries, an ERISA claim could nevertheless be stated against them for conspiring with persons who were fiduciaries to defraud the plan. The court explained:

"But, even though plaintiffs have failed to state a claim against these defendants as fiduciaries within the meaning of ERISA, they may still have stated a claim under ERISA on the theory that the defendants conspired with parties who *are* fiduciaries to breach the duties imposed by ERISA. In *Fremont v. McGraw-Edison Co.*, 606 F.2d 752 (7th Cir. 1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1599, 63 L.Ed.2d 786 (1980), the defendant-employer, who was sued by several former employees for an alleged wrongful withholding of pension benefits, counter-claimed against the employees by asserting that they had breached fiduciary duties under ERISA by concealing their involvement in a theft of the employer's property and trade secrets. This court held that the employer could assert a cause of action for breach of fiduciary duty only against the employee who was a trustee (and thus an ERISA fiduciary) of the pension plan. The court reasoned that it would not be proper to impose, without any statutory authority, a fiduciary duty on the nontrustee employee (thus depriving him of vested pension rights) because he failed to reveal his own involvement in the theft. But the limited scope of this holding, made in the context of a unique factual setting, was also suggested by the court when it reaffirmed the general principle we believe is applicable here:

> "We are not saying that in an ordinary civil action against a trustee, others who have aided him, or conspired with him, in a breach of fiduciary duty may not be liable to the extent that they have profited from the breach. *See* Restatement, Second, Trusts § 256.

"606 F.2d at 759; *accord Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629, 641-42 (W.D.Wis.1979). (In an ERISA action, 'the Court is fully empowered to award the relief available in traditional trust law against nonfiduciaries who knowingly participate ... in a breach of trust.') (footnote omitted)." 692 F2d at 1078. (Emphasis in original.)

The same reasoning is applicable here. Although there is no allegation that the bank conspired with plaintiffs, the complaint does allege that it knowingly participated in a breach of trust.

The facts alleged also bring this case within the

federal courts' jurisdiction under 29 USC § 1132(a)(3). Plaintiffs assert that the loan transactions violated both ERISA and the plan agreements. Both kinds of violation come squarely within the remedial scope of subsection (a)(3).[4] Indeed, notwithstanding plaintiffs' efforts to read their allegations as *also* stating common law claims for relief, we find nothing in the complaint to suggest that the loan transactions would be unlawful or that the bank could be guilty of any misconduct if the transactions did not violate ERISA or the plan agreements.[5] We conclude that all of plaintiffs' claims are subject to the exclusive jurisdiction of the federal courts and that the bank's counterclaims are also beyond the trial court's and our jurisdiction, insofar as they relate to the plans and to the collateral owned by them.

■ However, the portions of the first counterclaim which relate solely to the bank's rights against the corporation under the promissory note are subject to the jurisdiction of Oregon's courts. Plaintiffs' assignment of error challenging the judgment for the bank on the note is without merit. Their only other assignment which is not resolved by our holding on the jurisdictional issue is that the court erred by denying their motion for leave to file an amended complaint. That assignment, too, is unmeritorious.

Judgment on promissory note for United States National Bank of Oregon against Van De Hey Track Transport, Inc., affirmed; judgment otherwise reversed and remanded with instructions to dismiss claims and counterclaims, except portion of first counterclaim which relates to promissory note.

---

[4] Subsection (a)(3) is somewhat perplexing in that it specifies the nature of the claims which may be brought and who may bring them but says nothing about the defendants against whom they may be brought. Arguably, that silence in the subsection might preclude an action against a defendant which is not subject to liability or other remedies under other provisions of ERISA. *See Massachusetts Mut. Life. Ins. Co. v. Russell,* 473 US 134, 140-43, 105 S Ct 3085, 87 L Ed 2d 96 (1985). However, under the reasoning of *Thornton v. Evans,* supra, the bank is subject to ERISA remedies.

[5] Of course, we imply no view on the merits of plaintiffs' contentions.