Submitted on appellants' petition for attorney fees filed April 12, and respondent's objections to appellants' petition filed April 26, and appellants' reply to respondent's objections filed May 5, plaintiffs awarded $5,500 as attorney fees and $521.22 as costs and disbursements June 22, 1988

VAN DE HEY et al,
*Appellants,*

*v.*

UNITED STATES NATIONAL BANK
OF OREGON,
*Respondent,*

*v.*

VAN DE HEY TRACK TRANSPORT, INC.,
*Appellant.*

(E85-2346; CA A43051)

756 P2d 1257

Paul D. Clayton and Larry J. Anderson, Eugene, for petition and reply.

Thomas C. Sand, Gregory A. Chaimov and Miller, Nash, Wiener, Hager & Carlsen, Portland, for objections to petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In *Van De Hey v. U. S. National Bank,* 90 Or App 258, 752 P2d 848 (1988), we reversed the portion of the trial court's judgment which ordered foreclosure of defendant bank's security interest in collateral belonging to the employe benefit plans of which plaintiffs are trustees. The basis for our holding was that the Employee Retirement Income Security Act of 1974 vests exclusive jurisdiction over the subject in the federal courts. 29 USC § 1132. However, we affirmed the portion of the judgment which awarded the bank damages against Van De Hey Track Transport, Inc. (corporation), on its promissory note, which the plans' property ostensibly secured.[1] Plaintiffs now petition for attorney fees and for costs and disbursements on appeal. The bank opposes the petition.

The corporation's promissory note contained an attorney fees provision:

> "If litigation is commenced to collect this note or any portion hereof, the said corporation promises to pay such additional sum of money as the court may adjudge reasonable as attorneys' fees in the litigation, or on any appeal therefrom."

The benefit plans were not parties to that contract. The bank sought recourse against their assets under a separate security agreement, which provided that the bank

> "may apply any cash which is part of the collateral * * * to reimbursement of any expenses, including reasonable attorneys' fees incurred by it in connection with the collection and sale of such collateral * * *."

Plaintiffs base their claim for attorney fees on the quoted provisions and on ORS 20.096.

■      The bank bases its objection to the petition on what it describes as "three obvious reasons." The first is that, unlike the corporation's promissory note, the security agreement

> "permits [the bank] to apply collateral to fees incurred collecting and selling the collateral. However, the security agreement does not authorize the court to award fees to any party."

Leaving aside the bank's assumption that plaintiffs cannot

---

[1] Other pertinent facts are in our earlier opinion and do not require repetition here.

claim attorney fees under the promissory note's provision, *but see Golden West Insulation v. Stardust Investment Co.,* 47 Or App 493, 615 P2d 1048 (1980), we disagree with its understanding that the provision in the security agreement contemplates only self-help. The bank brought a counterclaim for a judicial remedy in connection with the collateral covered by the agreement. Any attorney fees incurred in prosecuting that counterclaim would have been "in connection with the collection and sale of such collateral" and, had the bank prevailed and sought attorney fees under the provision, the court clearly could have awarded them.[2] Under ORS 20.096, plaintiffs are therefore entitled to recover them here.

■ The bank's second argument is that plaintiffs did not plead their entitlement to attorney fees and that their counsel objected to certain attorney fees which the bank sought in the trial court on the ground "[t]hat there is no statutory or contractual basis for the allowance of an award of attorney's fees." Plaintiffs answer:

> "The trial court decision which granted defendant's motion for summary judgment against plaintiffs' claims and defendant's counterclaim both occurred prior to the filing of a responsive pleading to the counterclaims. No prior opportunity for pleading and proving the contractual basis upon which a request for attorney fees rests could have earlier occurred. The plaintiffs' position in opposition to United States National Bank's fees in the trial court were directed to the granting of summary judgment against plaintiffs' claims and do not bar [plaintiffs'] present claim as the prevailing party on appeal on United States National Bank's counterclaim. Incidentally, the trial court did not accept plaintiffs' arguments below. [Plaintiffs'] pleading and proving of their entitlement in this court is in accordance with the procedural rules and requirements of ORAP 11.10."

Plaintiffs are correct.

■ The bank's final argument for disallowing attorney fees is that plaintiffs

> "have not obtained a decision precluding [the bank] from enforcing the security agreement. This Court only reversed

---

[2] The bank's understanding that a judicial award is outside the contemplation of the fee provision of the security agreement is further undermined by the fact that the attorney fees which may be recovered are defined as "reasonable."

[the bank's] judgment for lack of subject matter jurisdiction. [The bank] can enforce the security agreement in another forum."

Therefore, the bank asserts, plaintiffs are not "prevailing parties" under ORS 20.096(5) and may not recover attorney fees.

The bank relies on *Flying Tiger Line v. Portland Trading Co.,* 290 Or 605, 624 P2d 117 (1981), where the court held that a party was not a prevailing one, for purposes of attorney fees on appeal, where the appellate disposition was to vacate the circuit court's judgment for lack of jurisdiction and to remand the case for proceedings in the district court. The decision on appeal therefore did not result in a final judgment or decree in the party's favor. ORS 20.096(5). Plaintiffs argue that this case differs, because

"[i]n *Flying Tiger Line, supra,* the case was remanded for trial and transferred to District Court within the state court system. It is true that in successive appeals where a remand may effect [sic] the outcome on the merits of the case, the fee should only be awarded where there is an appellate disposition that effectively brings the proceedings to a conclusion. The decision by this court does not result in a remand to try the merits. The present proceedings of the appellate decision effectively disposes of this case. While United States National Bank argues that it can pursue remedies in 'another forum,' that forum is not within the state system. The state statutory authority for finally concluding this case and the entitlement to attorney fees should be determined in the state court system." (Citation omitted.)

We agree with plaintiffs that our disposition ends *this* case and that they are entitled to the attorney fees which they seek.[3]

◼    The bank also objects to two items in plaintiffs' statement of costs and disbursements. Plaintiffs claim $71.55 for their reply brief. The bank argues, correctly, that the maximum cost permitted by ORAP 11.05(1) for the 14-page brief is $56.00. The bank also challenges plaintiffs' $100 claim for the premium for their appeal bond. We disallow the item, although not for the reasons urged by the bank. The appeal

---

[3] The amount they claim, $5,500, is not challenged.

was filed before the effective date of Oregon Laws 1987, chapter 314, section 1, which amended ORS 20.310 to make the "reasonable cost for any bond" a recoverable cost on appeal.

Plaintiffs are awarded $5,500 as attorney fees and $521.22 as costs and disbursements.