Argued and submitted May 14, affirmed June 20, reconsideration denied August 22, petition for review allowed October 23, 1990 (310 Or 475)

Roche J. VAN DE HEY,
Arvilla K. Van De Hey; Roche J. Van De Hey, Trustee
of Van De Hey Track Transport Profit Sharing Trust;
Roche J. Van De Hey, Trustee of The Van De Hey Track
Transport Pension Trust; Roche J. Van De Hey, Trustee
of The Van De Hey Track Transport Defined Benefit
Pension Plan; Arvilla Van De Hey, Trustee of The
Van De Hey Track Transport Profit Sharing Trust;
Arvilla Van De Hey, Trustee of The Van De Hey Track
Transport Pension Trust; Arvilla Van De Hey, Trustee
of The Van De Hey Track Transport Defined Benefit
Pension Plan; and Van De Hey Transport, Inc.,
*Appellants,*

*v.*

UNITED STATES NATIONAL BANK OF OREGON,
*Respondent.*

(16-89-04913; CA A62152)

793 P2d 1388

Paul D. Clayton, Eugene, argued the cause for appellants. With him on the briefs were Larry J. Anderson and Anderson & Clayton, Eugene.

Thomas C. Sand, Portland, argued the cause for respondent. With him on the brief were Gregory A. Chaimov and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs appeal from a judgment for defendant bank and assign error to the granting of the bank's motion to dismiss. We affirm.

In *Van De Hey v. U.S. National Bank*, 90 Or App 258, 752 P2d 848 (1988),[1] an earlier action arising out of the same events, we held, as relevant, that plaintiffs' claims were subject to exclusive federal jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA). After our decision, plaintiffs filed an action asserting the same or similar claims in the United States District Court. *Roche J. Van De Hey, et al. v. United States National Bank of Oregon* (Civil No. 88-6545-E). In an opinion dated April 12, 1989, the federal district court dismissed that action. It noted that, shortly after we had decided *Van De Hey v. U.S. National Bank, supra,* the Ninth Circuit Court of Appeals held in *Nieto v. Ecker,* 845 F2d 868 (9th Cir 1988), that a nonfiduciary, such as the bank, is not subject to liability under the provisions of ERISA on which we, in common with the federal Court of Appeals in other circuits, had based the contrary conclusion. *See* 90 Or App at 263-64; *Thornton v. Evans,* 692 F2d 1064 (7th Cir 1982); *Whitfield v. Lindemann,* 853 F2d 1298 (5th Cir 1988), *cert den* ___ US ___ (1989).

It is important to emphasize that the dismissal of plaintiffs' federal action was not on jurisdictional grounds; instead, the court held that ERISA does not provide a remedy against the bank, and so it cannot be liable for its alleged acts of participating with, or directing, plaintiffs in violating ERISA and the trust agreements. Consequently, the basis for the dismissal was that the complaint did not state a claim under ERISA. The court also exercised its discretion to dismiss the "remaining * * * pendent state claims."

Plaintiffs then filed this action. The bank moved to dismiss on the grounds that the judgments in the two earlier actions are *res judicata,* that exclusive subject matter jurisdiction is in the federal courts, that the action is time-barred and that plaintiffs' claims are preempted by ERISA. The trial court apparently accepted all of those theories in allowing the

---

[1] The facts set out there will not be repeated.

motion. On appeal, the bank adds the additional argument that the complaint fails to state a claim. For reasons that differ somewhat from the bank's, we agree that the complaint does not state an actionable claim.

We said in *Van De Hey v. U.S. National Bank, supra,* that,

> "notwithstanding plaintiffs' efforts to read their allegations as *also* stating common law claims for relief, we find nothing in the complaint to suggest that the [relevant] transactions would be unlawful or that the bank could be guilty of any misconduct if the transactions did not violate ERISA or the plan agreements." 90 Or App at 265. (Emphasis in original.)

Although plaintiffs' present complaint attempts to state claims in addition to those alleged in the earlier state action, they are subject to the same observation. The gravamen of the action is that the bank induced plaintiffs to collateralize trust assets, in violation of ERISA and the trust agreements. Plaintiffs' other claims necessarily presuppose that the bank's acquisition of its interests in the assets was contrary to ERISA and that the bank therefore had no right to hold the interests or deal with the collateral. The Ninth Circuit's and the federal district court's decisions foreclose the threshold inquiry of whether the bank violated ERISA. Accordingly, if we follow those decisions, plaintiffs have not stated and cannot state a claim.

■■ The Ninth Circuit's and the district court's interpretations are directly contrary to our interpretation of the ERISA remedial statutes in *Van De Hey v. U.S. National Bank, supra.* Although the decisive question there was whether there was exclusive federal jurisdiction, our conclusion that a remedy was available under the ERISA scheme was essential to our reasoning. *See* note 2, *infra.* Paradoxically, the bank argues, in a different but closely related context, that *Nieto v. Ecker, supra,* does not require us to depart from *Van De Hey,* because we are not bound to accept the Ninth Circuit's interpretation of the federal statutes. In the abstract, that may be true. However, we said in *State v. Goodell,* 84 Or App 398, 402, 734 P2d 10, *rev den* 303 Or 455 (1987), that another Ninth Circuit decision which was contrary to one of ours "is controlling on the federal courts in Oregon, and there are practical advantages, which we cannot ignore, when

federal and state courts adopt the same interpretation of federal law." We concluded that those and similar considerations outweighed the preference for *stare decisis* in that case. The same conclusion is even more compelling here. The decisions of the federal courts have made a federal forum unavailable to these plaintiffs to assert essentially the same violation of federal law against this defendant as they now attempt to do.

In the light of the federal court decisions, we hold that plaintiffs cannot state a claim against the bank for the alleged violation of ERISA or for the derivative misconduct that they allege.[2]

Affirmed.

---

[2] It is unnecessary for us to reach the *res judicata,* Statute of Limitations or preemption issues. The bank's exclusive federal jurisdiction argument is inextricably connected to the issue that we have addressed. Although we are hesitant to decide a question of federal law that is arguably extraneous to our disposition, jurisdictional questions must be answered. It follows from our discussion in *Van De Hey v. U.S. National Bank, supra,* 90 Or App at 261-65, that federal jurisdiction is not exclusive over these claims, if the bank is not subject to suit under the ERISA provisions that permit actions against fiduciaries. Therefore, the trial court and we have jurisdiction.