Argued and submitted December 4, 1990, the decision of the Court of Appeals
affirmed on different grounds April 2, 1992

Roche J. VAN DE HEY,
Arvilla K. Van De Hey; Roche J. Van De Hey, Trustee
of Van De Hey Track Transport Profit Sharing Trust;
Roche J. Van De Hey, Trustee of the Van De Hey
Track Transport Pension Trust; Roche J. Van De Hey,
Trustee of the Van De Hey Track Transport Defined
Benefit Pension Plan; Arvilla Van De Hey, Trustee
of the Van De Hey Track Transport Profit Sharing Trust;
Arvilla Van De Hey, Trustee of the Van De Hey Track
Transport Pension Trust; Arvilla Van De Hey, Trustee
of the Van De Hey Track Transport Defined Benefit
Pension Plan; and Van De Hey Transport, Inc.,
*Petitioners on Review,*

*v.*

UNITED STATES NATIONAL BANK
OF OREGON,
*Respondent on Review.*

(CC 16-89-04913; CA A62152; SC S37349)

829 P2d 695

Paul D. Clayton, Eugene, argued the cause for petitioners on review. With him on the petition was Anderson & Clayton, Eugene.

Thomas C. Sand, Portland, argued the cause for respondent on review. With him on the response were Gregory A. Chaimov and Miller, Nash, Wiener, Hager & Carlsen, Portland.

UNIS, J.

## UNIS, J.

Plaintiffs in this case are the trustees of employee benefit plans (the plans) subject to the Employee Retirement Income Security Act of 1974 (ERISA) (29 USC § 1001 *et seq*). Plaintiffs allege that defendant induced them to violate ERISA. Defendant moved to dismiss the complaint, arguing claim preclusion, lack of jurisdiction, statute of limitations, and preemption. The trial court dismissed the complaint. The Court of Appeals affirmed the dismissal on the ground that plaintiffs had failed to state a claim. *Van De Hey v. U.S. National Bank*, 102 Or App 203, 793 P2d 1388 (1990). We affirm the decision of the Court of Appeals, but on different grounds.

## PROCEDURAL HISTORY

In addition to being the plans' trustees, plaintiffs were the owners of the corporation whose employees are the beneficiaries of the plans. Acting in their capacity as trustees of the plans, which are subject to ERISA, plaintiffs pledged certificates of deposit belonging to the plans as collateral for loans by defendant to the corporation. Plaintiffs later were advised that such transactions may have been prohibited under ERISA, 29 USC § 1106(a)(1)(B). Thereafter, plaintiffs sought a release of the security. Defendant refused.

This is plaintiffs' third action against defendant based on those transactions. Plaintiffs first filed an action in Douglas County Circuit Court (*Van De Hey I*), alleging that defendant induced them to pledge the assets while knowing, but failing to advise plaintiffs, that the transaction violated ERISA. The complaint alleged three claims for relief: (1) rescission and cancellation; (2) declaratory judgment; and (3) damages for conversion. Defendant counterclaimed against the corporation for judgment on the note and foreclosure on the security. The trial court granted defendant's motion for summary judgment on plaintiffs' rescission and cancellation and conversion claims, dismissed plaintiffs' declaratory relief claim, and granted defendant's motion for summary judgment on its counterclaim. The trial court also denied plaintiffs' motion for leave to file an amended complaint with additional claims. The claims that plaintiffs sought to add were: (4) misrepresentation; (5) negligent

interference with contractual relations; (6) intentional interference with contractual relations; (7) violation of an implied duty of good faith under the Uniform Commercial Code; and (8) violation of a covenant of good faith.

On appeal, the Court of Appeals held that the claims in plaintiffs' complaint were subject to exclusive federal jurisdiction under ERISA and reversed the trial court's judgment on those claims. *Van De Hey v. U.S. National Bank*, 90 Or App 258, 265, 752 P2d 848 (1988) (*Van De Hey I*).[1] The Court of Appeals affirmed the trial court's judgment for defendant on the promissory note and found no error in the trial court's decision not to grant plaintiffs' motion for leave to file an amended complaint. *Id.*

Plaintiffs then filed a second action (*Van De Hey II*), this time in the United States District Court for the District of Oregon. This second complaint alleged the same eight claims from the amended complaint (for which leave to file an amended complaint was denied) in *Van De Hey I* plus a ninth claim for conversion. The federal district court dismissed some of the claims based on the holding of the United States Court of Appeals for the Ninth Circuit in *Nieto v. Ecker*, 845 F2d 868, 872-73 (9th Cir 1988), that there is no remedy against an ERISA nonfiduciary, such as a bank, under the provisions of ERISA. *Van De Hey v. U.S. National Bank*, No. 88-6545-E, slip op at 4 (D Or Apr. 17, 1989) (*Van De Hey II*). The federal district court dismissed the remaining claims as pendent state claims. *Id.* at 5.

Plaintiffs then filed a third action in Lane County Circuit Court (*Van De Hey III*), which resulted in this appeal. The complaint alleged the same eight claims from the amended complaint (for which leave to file an amended complaint was denied) in *Van De Hey I* plus the claim for conversion that plaintiffs added when they filed *Van De Hey II*. Defendant moved to dismiss the action, arguing claim preclusion, lack of jurisdiction, statute of limitations, and preemption. The trial court dismissed the complaint. On appeal, the Court of Appeals affirmed the dismissal on the ground that

[1] In a subsequent decision, *Van De Hey v. U.S. National Bank*, 91 Or App 547, 756 P2d 1257 (1988), the Court of Appeals also decided the attorney fee issues in the case.

plaintiffs had failed to state a claim. *Van De Hey v. U.S. National Bank*, 102 Or App 203, 207, 793 P2d 1388 (1990) (*Van De Hey III*).

## CLAIM PRECLUSION

■     The doctrine of claim preclusion,[2] formerly called *res judicata*,[3] has developed in this state both as statutory law and as common law. ORS 43.130 provides that certain decisions of a court or judge are conclusive between the parties. Common law claim preclusion, however, applies even in some administrative proceedings to which the statutory provision does not apply. *See Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990) (workers' compensation case). But, although this court has recognized the existence of the statutory claim preclusion (ORS 43.130) and then applied common law preclusion because the statute did not apply, *see, e.g., North Clackamas School Dist. v. White*, 305 Or 48, 51-52, 750 P2d 485, *mod* 305 Or 468, 752 P2d 1210 (1988) (workers' compensation case), the court has applied common law claim preclusion in cases in which the statute would appear to apply without mentioning the existence of the statute. *See, e.g., Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982) (litigation involving administration of an estate). Both statements of claim preclusion are viable.[4]

---

[2] Although subject matter jurisdiction over the merits of plaintiffs' claims was an issue in *Van De Hey v. U.S. National Bank*, 90 Or App 258, 752 P2d 848 (1988) (*Van De Hey I*), it is no longer an issue here because, as will be discussed *infra*, plaintiffs' claims are barred by claim preclusion.

[3] *See Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990) (adoption by this court of the terms claim and issue preclusion rather than *res judicata* and collateral estoppel, respectively, as a change in nomenclature, not in substantive law).

[4] The Deady Code contained a section on claim preclusion that was nearly identical to what is now ORS 43.130. General Laws of Oregon, ch 8, § 723, p 329 (Deady 1845-1864). Nevertheless, even early cases applying *res judicata* (now called claim preclusion) did not mention the statute. *See, e.g., Neil v. Tolman*, 12 Or 289, 7 P 103 (1885). Indeed, some form of claim preclusion is necessarily a fundamental precept of any judicial system, and there can be no doubt that its common-law origins are strong. *See, e.g.*, 2 Black, A Treatise on the Law of Judgments, §§ 500, 503 (1891) (claim preclusion is a fundamental concept and was firmly imbedded in the jurisprudence of England). The common law of England, where not modified by statute, was part of Oregon's territorial law, which continues until altered or repealed. Or Const, Art XVIII, § 7; *see Hale v. Port of Portland*, 308 Or 508, 514, 783 P2d 506 (1989) (stating principle); *State v. Hansen*, 304 Or 169, 172, 743 P2d 157 (1987) (same); Harris, *History of the Oregon Code*, 1 Or L Rev 129 (1922). Further, "statutes codifying the common law are to be construed in a manner consistent with the

The statutory version of claim preclusion, ORS 43.130, provides in part:

"The effect of a judgment, decree or final order in an action, suit or proceeding before a court or judge of this state or of the United States, having jurisdiction is as follows:

"* * * * *

"(2) In other cases, the judgment, decree or order is, in respect to the matter directly determined, conclusive between the parties, their representatives and their successors in interest by title subsequent to the commencement of the action, suit or proceeding, litigating for the same thing, under the same title and in the same capacity."

The common law of claim preclusion was stated in *Drews v. EBI Companies, supra,* 310 Or at 140:

" '[A] plaintiff who has prosecuted one action against a defendant through to a final judgment * * * is barred [*i.e.,* precluded] * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.' *Rennie v. Freeway Transport,* 294 Or 319, 323, 656 P2d 919 (1982)."

The application of claim preclusion to this case will be understood best by taking the procedural history of the case step by step. As previously stated, plaintiffs first filed their complaint in Douglas County Circuit Court, alleging three claims for relief. Defendant counterclaimed. The trial court granted defendant's motion for summary judgment on two of plaintiffs' three claims and dismissed plaintiffs' third claim, denied leave to add more claims, and granted defendant's motion for summary judgment on its counterclaim. The judgment stated that "[p]laintiffs' complaint is dismissed with prejudice."

After this judgment, and if no appeal had been taken, there should be no doubt that claim preclusion would preclude plaintiffs from again bringing any claims against the same defendant based on the transactions at issue in their

common law, absent clear legislative intent to the contrary." *State v. Ford,* 310 Or 623, 637 n 21, 801 P2d 754 (1990).

complaint in *Van De Hey I, supra*. That is, according to ORS 43.130, there was (1) a judgment (2) in a proceeding before a court or judge of this state (3) having jurisdiction (assumed, *arguendo*, at this point). That judgment is, "in respect to the matter directly determined, conclusive between the parties * * * litigating for the same thing." ORS 43.130(2). Under common law claim preclusion, claims "based on the same factual transaction that was at issue * * * and [] of such a nature as could have been joined in the first action" are also precluded. *Drews v. EBI Companies, supra*, 310 Or at 140 (quoting *Rennie v. Freeway Transport, supra*, 294 Or at 323). Thus, even the five additional claims based on the same factual transaction, for which leave to file an amended complaint was denied, could not be brought in a later action.

The claim-preclusive effect of the trial court judgment with prejudice could become less preclusive only to the extent that it was changed by the trial court or a higher court. Plaintiffs appealed to the Court of Appeals. The Court of Appeals did two things relevant to this discussion. It determined: (1) that plaintiffs' claims in the complaint were subject to the exclusive jurisdiction of the federal courts;[5] and (2) that plaintiffs' challenges to the trial court's decision regarding defendant's counterclaim and of the trial court's denial of leave to amend were without merit. *Van De Hey I, supra*, 90 Or App at 265. That is, the Court of Appeals reduced the preclusive effect of the trial court's judgment only to the extent that it determined that the three claims in the original complaint were *not* within the jurisdiction of state courts.[6] The Court of Appeals' decision did not disturb

---

[5] The Court of Appeals determined *sua sponte* that it lacked jurisdiction. *See Street v. Gibson*, 295 Or 112, 116, 663 P2d 769 (1983) (court has jurisdiction to determine its jurisdiction); *Robertson v. Henderson*, 181 Or 200, 205, 179 P2d 742 (1947) (court must refuse to proceed when want of jurisdiction appears at any stage).

[6] Plaintiffs argue that, because the Court of Appeals decided that the claims were within the exclusive jurisdiction of the federal courts, the Court of Appeals did not have jurisdiction over the claims and, under ORS 43.130, which requires that the court have jurisdiction, claim preclusion cannot apply. However, the Court of Appeals did have jurisdiction over any claim not within the exclusive jurisdiction of the federal court, so claim preclusion is proper as to any claims that properly could have been brought in state court based on the same factual transaction. Further, the Court of Appeals has jurisdiction to determine its jurisdiction. *Meyer v. Joseph*, 295 Or 588, 668 P2d 1228 (1983); *Street v. Gibson, supra*, 295 Or at 116. Claim preclusion bars plaintiffs as to the lack of jurisdiction of the state courts over the ERISA claims; it did not preclude plaintiffs as to the merits of the ERISA claims in a court of

the preclusive effect of the judgment as to the five additional claims in the amended complaint or as to any other claims based on the same factual transaction that could have been joined in the trial court.[7] To the extent that the claims were within the jurisdiction of the state court, they still were precluded. To the extent that the claims were held not to be within the jurisdiction of the state court, they were precluded from being brought again in state court, but still could have been brought in a court of competent jurisdiction.

Plaintiffs elected not to seek review of the decision of the Court of Appeals in *Van De Hey I* in this court. At that point, the Court of Appeals' decision in *Van De Hey I* precluded plaintiffs from bringing any later action in state court based on the factual transaction involved in that case. The only avenue that claim preclusion did not preclude with respect to the same factual transaction was a claim which could not have been brought in state court, if brought in a court of competent jurisdiction. If plaintiffs next had filed another action in state court based on the same factual transaction as *Van De Hey I*, whether it be the three claims in the original complaint, the eight claims in the amended complaint, or any other claims based on the same factual transaction, *Van De Hey I* would have precluded the action. That is, in the absence of *Van De Hey II* in federal court, claim preclusion based on *Van De Hey I* would clearly have precluded *Van De Hey III* (this case).

---

competent jurisdiction. In fact, plaintiffs did file the claims in federal court, and jurisdiction was accepted. The federal court determined that plaintiffs failed to state a claim on some of the claims, not that plaintiffs were barred by claim preclusion from trying.

[7] Plaintiffs' eight claims in the amended complaint, for which leave to amend was denied in *Van De Hey I*, and the first eight claims in both *Van De Hey II* and *Van De Hey III*, were all based on the same factual allegations as alleged in the original complaint in *Van De Hey I*. The ninth claim in both *Van De Hey II* and *Van De Hey III* stated a second conversion claim involving the same certificates, with some additional facts occurring after the transactions alleged in *Van De Hey I*. However, in all of those actions, including *Van De Hey I*, plaintiffs sought a declaration that defendant had no interest in the certificates. To the extent that their subsequent conversion claim is based on the allegation that defendant had no interest in the certificates, as is the ninth claim both in *Van De Hey II* and in *Van De Hey III*, plaintiffs' conversion claim is the same conversion claim alleged in *Van De Hey I*. Therefore, plaintiffs' ninth claim is, to that extent, subject to the same claim-preclusion analysis as other claims in *Van De Hey I*.

The only remaining question is what effect the federal district court's actions have on the application of claim preclusion of the original state court judgment to this action in this state. In *Van De Hey II*, the federal district court held that plaintiffs failed to state a claim under ERISA and dismissed the remaining claims as pendent state law claims.[8] We hold that *Van De Hey II* has no effect on the application of claim preclusion in this case.

In *Van De Hey I*, the Court of Appeals decided that there were no state law claims independent of an ERISA claim. The Court of Appeals stated that "[w]ere we to conclude that any or all of the claims and the counterclaims here are outside the federal courts' exclusive jurisdiction and within the jurisdiction of the state courts [*i.e.*, that a state law claim existed independent of an ERISA claim], the preemption issue might become relevant to our disposition of the merits of the appeal." *Van De Hey I, supra*, 90 Or App at 263. The Court of Appeals expressly did not decide any preemption issues. *Id.* Thus, the Court of Appeals in *Van De Hey I* determined that no state law claim was established independent of an ERISA claim. Then, the federal district court determined that plaintiffs did not state a claim under ERISA. *Van De Hey II, supra*, slip op at 5. This should have ended the case, absent an appeal to the Ninth Circuit Court of Appeals.

However, the federal district court went on to dismiss some claims as pendent state law claims, rather than entering a judgment based on claim preclusion. *Van De Hey II, supra*, slip op at 5. The federal court judgment did not state or suggest that the claims it dismissed as pendent state law claims were capable of being litigated or relitigated in state court; it simply dismissed them from federal court in the federal court's discretion to dismiss what it characterized as non-federal claims.

---

[8] Because claim preclusion bars plaintiffs from bringing a claim based on the same factual transaction in state court, defendant was entitled to a judgment based on claim preclusion on claims considered to be pendent state law claims in federal court. *See Allen v. McCurry*, 449 US 90, 96, 101 S Ct 411, 66 L Ed 2d 308 (1980) (quoting 28 USC § 1738 in support of the rule that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.").

■        Nevertheless, the district court's decision could not revive claims in state court based on a different interpretation of federal law even if that were its intent. Federal district courts do not sit in appellate review of state court decisions: "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 US 462, 482, 103 S Ct 1303, 75 L Ed 2d 206 (1983); *see also Atlantic C.L.R. Co. v. Engineers*, 398 US 281, 296, 90 S Ct 1739, 26 L Ed 2d 234 (1970) (stating rule); *Rooker v. Fidelity Trust Co.*, 263 US 413, 415, 44 S Ct 149, 68 L Ed 362 (1923) (same); *American Surety Co. v. Baldwin*, 287 US 156, 166, 53 S Ct 98, 77 L Ed 231 (1932) (stating rule with respect to issues of jurisdiction); *Stoll v. Gottlieb*, 305 US 165, 172-73, 59 S Ct 134, 83 L Ed 104 (1938) (same).

■        The only way for plaintiffs to seek review of the Court of Appeals' decision in *Van De Hey I* that it lacked subject matter jurisdiction, that plaintiffs failed to state a claim independent of ERISA, or that it was not error to deny leave to amend, was through direct review by petition for reconsideration to the Court of Appeals, by petition for review to this court, and, ultimately, by petition for certiorari to the Supreme Court of the United States[9] on the jurisdictional issue involving federal law. The federal district court was without authority to act in appellate review of the decision of *Van De Hey I*, even on issues of federal law.

■        In sum, plaintiffs could have sought direct review of *Van De Hey I*. They did not. Claim preclusion now prevents us from reviewing *Van De Hey I*. The policy of claim preclusion requires the parties to seek review of adverse decisions at the first opportunity or to be bound by the adverse decision.

---

[9] The fact that the federal circuit court for the Ninth Circuit decided *Nieto v. Ecker*, 845 F2d 868 (9th Cir 1988), after *Van De Hey I* and contrary to *Thornton v. Evans*, 692 F2d 1064 (7th Cir 1982), upon which *Van De Hey I* relied, does not change the analysis. Neither *Thornton* nor *Nieto* is binding on this court, and neither federal circuit court sat or could have sat in appellate review of the state court decision in *Van De Hey I*. Rather, only decisions of the Supreme Court of the United States are binding on this court in the interpretation of federal law. *State v. Moyle*, 299 Or 691, 707, 705 P2d 740 (1985).

We do not state whether we believe that *Thornton* or *Nieto* or some other ruling is correct with respect to the claims brought in *Van De Hey I*. Claim preclusion results from a final judgment, whether the judgment was correct or incorrect.

We hold that plaintiffs' claims are barred by claim preclusion.

The decision of the Court of Appeals is affirmed on different grounds.