On respondent's Motion to Vacate and Remand or for Summary Affirmance filed April 9, motion granted; judgment of circuit court affirmed October 7, 1998, petition for review denied January 12, 1999 (328 Or 246)

## VINH PHAM,
*Appellant,*

*v.*

## S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(96C-13363; CA A99577)

965 P2d 482

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem, for motion.

Steven H. Gorham, *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this habeas corpus action, respondent moves for summary affirmance. ORS 34.712. We allow the motion.

Plaintiff, an inmate of an Oregon prison, filed a petition for writ of habeas corpus in circuit court challenging the validity of a prison disciplinary order. The petition alleged that a prison official had determined that plaintiff had violated a disciplinary rule and had imposed these sanctions: 120 days' confinement in disciplinary segregation; confinement in the Intensive Management Unit (at the Oregon State Penitentiary) for one year following release from disciplinary segregation; imposition of a $200 fine; and extension of plaintiff's parole release date to the year 2001. Although the disciplinary order provided that plaintiff was to be confined in the Intensive Management Unit on his release from disciplinary segregation, in fact, he was transferred to a facility in Bannock County, Idaho, from which the Oregon Department of Corrections rents confinement space and he was given notice that if he stayed out of trouble, he would not be transferred to the Intensive Management Unit. Plaintiff was confined in the Idaho facility from September 27, 1996, to March 3, 1997, at which time he was transferred to the Eastern Oregon Correctional Institution. Plaintiff was placed in disciplinary confinement at that institution on March 19, 1997, and, on the following day, transferred to the Intensive Management Unit at the Oregon State Penitentiary. Plaintiff was confined in the Intensive Management Unit for about five months, until his release into the general population on August 25, 1997.

On plaintiff's release from disciplinary segregation, defendant moved to dismiss the habeas corpus proceeding on the ground that plaintiff was no longer subject to "further imprisonment" as a result of the challenged disciplinary order. When that motion was filed, plaintiff was still confined in the Intensive Management Unit. Plaintiff resisted the motion to dismiss on the ground that his confinement was, in fact, the result of the challenged disciplinary order. The trial court found that plaintiff's placement in the Intensive Management Unit was the result of an incident that occurred while plaintiff was confined in the Idaho facility and not the

direct result of the challenged disciplinary order. Thus, to the extent that plaintiff's petition for writ of habeas corpus challenged plaintiff's disciplinary confinement, the trial court dismissed the writ as moot because plaintiff was no longer in disciplinary segregation nor was his confinement in the Intensive Management Unit the direct result of the challenged disciplinary order. The trial court also dismissed the writ as to plaintiff's challenge to the fine imposed in the disciplinary order on the ground that the fine was not a restraint on plaintiff's liberty and did not otherwise require immediate judicial scrutiny.

Plaintiff appealed from the judgment and filed a brief assigning error to the trial court's dismissal of his writ of habeas corpus. Respondent has moved for summary affirmance on the ground that the appeal does not present a substantial question of law.

■■ ORS 34.310 provides, subject to exceptions not relevant here, that:

> "* * * Every person imprisoned or otherwise restrained of liberty, within this state, * * * may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom."

The essence of a writ of habeas corpus proceeding is the assertion that a person is illegally imprisoned or restrained of the person's liberty. The writ of habeas corpus may be used by a person lawfully imprisoned to assert a claim that the imprisoned person (1) is being subjected to further unlawful imprisonment, or (2) is being deprived of legal rights requiring immediate judicial scrutiny and for which no other timely remedy is available. *Penrod/Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978); *Sager v. Board of Parole*, 121 Or App 607, 612-13, 856 P2d 329, *rev den* 318 Or 170 (1993).

■ Plaintiff is imprisoned by virtue of a judgment of conviction and sentence for commission of a crime. His petition for writ of habeas corpus in effect asserted that his disciplinary confinement was a "further unlawful imprisonment." As noted above, the trial court dismissed the writ of habeas corpus when it was brought to its attention that plaintiff had

been released from disciplinary segregation. On appeal, plaintiff contends that his writ of habeas corpus did not become moot on his release from disciplinary segregation because he became further imprisoned in the Intensive Management Unit as a result of the disciplinary proceeding. However, the trial court found that plaintiff's placement in the Intensive Management Unit was the result of new misconduct committed by plaintiff after his release from disciplinary segregation and not the direct result of the disciplinary order being challenged in this proceeding. There is evidence to support that finding.[1] Therefore, plaintiff's brief does not present a substantial question of law that the trial court erred in dismissing the writ of habeas corpus to the extent that the writ challenged the propriety of plaintiff's placement in disciplinary segregation and the Intensive Management Unit.

■    The trial court also correctly dismissed the writ of habeas corpus as to the fine imposed by the disciplinary order because imposition of a fine does not constitute a further *imprisonment,* nor did plaintiff allege or show that imposition of the fine deprived him of a legal right requiring immediate judicial scrutiny. With respect to that portion of the disciplinary order that extended plaintiff's parole release date, plaintiff has failed to demonstrate he is entitled to immediate release. Habeas corpus lies to address an inmate's claim that the inmate presently is being held beyond the inmate's parole release date but not to address a claim that a *prospective* release date has been extended. Therefore, plaintiff's brief does not raise a substantial question of law as to the extension of his parole release date.

■    Plaintiff argues that, even if the disciplinary order or a portion thereof is moot, the alleged deprivation of rights at the disciplinary hearing is capable of repetition, yet evading

---

[1] The trial court admitted into evidence an affidavit signed by an Oregon Department of Corrections official who reported that when plaintiff was confined in the Bannock County, Idaho, facility, he became angry while watching television in a room with other inmates, threw a chair at the television, and then refused a correctional officer's order to return to his cell. The affidavit further states that as a result of that incident, plaintiff was placed in the Intensive Management Unit. Plaintiff characterizes the affidavit as hearsay on hearsay, but it does not appear from the record that plaintiff objected to the admission of the affidavit into evidence, the trial judge in fact admitted the affidavit into evidence, and plaintiff does not assign error to that action of the trial judge.

review. He argues that, given the relatively short periods of confinement in disciplinary segregation, a habeas corpus proceeding inevitably will become moot as a result of the inmate's release from disciplinary segregation before a court can decide the legal issues raised by the writ. That argument does not present a significant issue of law because Oregon does not recognize the "capable of repetition, yet evading review" doctrine. *Barcik v. Kubiaczyk*, 321 Or 174, 188-89, 895 P2d 765 (1995); *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 577-78, 738 P2d 1389 (1987), *cert den* 484 US 1032, 108 S Ct 740, 98 L Ed 2d 775 (1988).

Plaintiff insists that if his appeal is moot, he is unconstitutionally left without a remedy for the alleged deprivation of his rights. Plaintiff assumes that the doctrines of issue or claim preclusion will bar an inmate whose writ of habeas corpus has been dismissed under circumstances similar to this case from pursuing some other remedy, such as declaratory relief or mandamus, for issues that became moot or claims that are not properly subject to habeas corpus relief. We conclude that the assumption is unwarranted.

The trial court correctly determined that plaintiff's writ of habeas corpus became moot on his release from disciplinary segregation. As a result of the trial court's dismissal of the writ on that ground, the trial court never reached the substantive legal issue raised by the writ, namely, whether the prison wrongfully failed to provide interpreter and translator services for the disciplinary proceeding. Moreover, the trial court did not address the propriety of the fine imposed by the disciplinary order or the propriety of the extension of plaintiff's parole release date, because those sanctions were not the proper subjects of a habeas corpus proceeding.

In *Van De Hey v. U.S. National Bank*, 313 Or 86, 829 P2d 695 (1992), the court noted that there are both statutory and common-law versions of claim preclusion. The statutory version of claim preclusion is found at ORS 43.130(2):

"The effect of a judgment, decree or final order in an action, suit or proceeding before a court or judge of this state or of the United States, having jurisdiction is as follows:

"* * * * *

> "(2)   In other cases, the judgment, decree or order is, in respect to the matter directly determined, conclusive between the parties, their representatives and their successors in interest by title subsequent to the commencement of the action, suit or proceeding, litigating for the same thing, under the same title and in the same capacity."

Applying ORS 43.130 to the facts of this case, the statute would not preclude assertion of the illegality of the fine or the extension of plaintiff's parole release date, because the validity of the prison official's finding that plaintiff committed a disciplinary violation and the imposition of a fine and extension of plaintiff's parole release date were not "directly determined" in this action.

In *Van De Hey*, the court also restated the elements of common-law claim preclusion: (1) The plaintiff has prosecuted the first action against the defendant through to a final judgment; (2) The claim in the second action is based on the same factual transaction that was at issue in the first action; (3) The plaintiff seeks a remedy additional or alternative to the remedy sought earlier; and (4) The claim is of such a nature as could have been joined in the first action. *Van De Hey*, 313 Or at 91 (quoting *Rennie v. Freeway Transport*, 299 Or 319, 323, 656 P2d 919 (1982)).

■     Implicit in the foregoing restatement of the doctrine of claim preclusion is that the doctrine also could apply to bar relitigation of the exact same claim between the same plaintiff and the same defendant, as could be the situation in a case like this one where an inmate in a subsequent action would seek a determination that the disciplinary hearing process was invalid, as well as the imposition of a fine and the extension of a parole release date. However, the common-law doctrine of claim preclusion would fail, because the claim is of such a nature that it could not have been joined in the first action. That is, we hold in this case that, absent a showing that such sanctions in any given case require immediate judicial scrutiny, habeas corpus does not lie to address the imposition of a fine *or* the extension of a parole release date. Because such claims are not properly joined in a habeas corpus case, the common-law doctrine of claim preclusion would

not bar the inmate from utilizing some other remedy to challenge the validity of the disciplinary hearing process itself, the finding of a disciplinary violation, or the imposition of sanctions other than those restricting the inmate's personal liberty.

Because the validity of the disciplinary hearing process and the finding of a disciplinary violation were at issue with respect to imposition of the sanctions of plaintiff's confinement in disciplinary segregation and the Intensive Management Unit, the issue arises whether the doctrine of issue preclusion would bar a court in a second action from deciding those issues in the course of addressing the propriety of a fine or the extension of the inmate's parole release date. In *Nelson v. Emerald People's Utility District*, 318 Or 99, 104, 862 P2d 1293 (1993), the court identified the elements of the doctrine of issue preclusion:

> "If one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met:
>
> "1.   The issue in the two proceedings is identical.
>
> "2.   The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.
>
> "3.   The party sought to be precluded has had a full and fair opportunity to be heard on that issue.
>
> "4.   The party sought to be precluded was a party or was in privity with a party to the prior proceeding.
>
> "5.   The prior proceeding was the type of proceeding to which this court will give preclusive effect."

(Citations omitted.) Where, as here, the trial court dismissed plaintiff's writ of habeas corpus in part on the ground of mootness, the issues of the validity of the disciplinary process and the finding of a disciplinary violation were neither actually litigated nor did plaintiff have a "full and fair opportunity to be heard" on his claims. Thus, plaintiff will not be barred by the doctrine of issue preclusion from challenging the validity of the disciplinary hearing process and the finding of a disciplinary violation if he elects to seek relief from the disciplinary fine and the extension of his parole release date by way of some other remedy. Similarly, because the

remedy. Similarly, because the trial court correctly determined that the propriety of the fine and the extension of plaintiff's parole release date in this case were not the proper subjects of the habeas corpus proceeding, those issues were never litigated, plaintiff did not have the opportunity to be heard on the merits of those issues, and plaintiff will not be barred by the doctrine from raising those issues in a subsequent proceeding.

Motion for summary affirmance granted. The judgment of the circuit court is affirmed.