***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 3, affirmed April 12, petition for review denied June 1, 2023 (371 Or 127)

ARNOLD R. HUSKEY,
*Plaintiff-Appellant,*

*v.*

Josh HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
22CV21162; A179420

Courtland Geyer, Judge.

Arnold R. Huskey filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff appeals a judgment denying his petition for a writ of habeas corpus, asserting error to the grounds for that decision. He is an inmate at the Oregon State Correctional Institution (OSCI) and asserted in pertinent part in his petition for a writ of habeas corpus that he was subjected to a disciplinary action at OSCI that violated due process in numerous respects and that resulted in time in segregation, temporary loss of privileges, and assessment of a fine. He also asserted that he would become eligible for parole in 2031 and that the existence of the disciplinary action would result in the deferral of his parole release. The trial court denied plaintiff's claim, relying on *Pham v. Thompson*, 156 Or App 440, 965 P2d 482 (1998), *rev den*, 328 Or 246 (1999).

In response, defendant asserts that the trial court did not err because *Pham* is directly on point. We agree. Plaintiff has not persuaded us that this case can be distinguished from *Pham*, nor does he assert that *Pham* was incorrectly decided. *Pham*, like the present case, involved a habeas petition in which the plaintiff asserted that he had been denied due process in the course of a disciplinary proceeding that had resulted in his placement in his temporary disciplinary confinement, a fine, and the extension of his parole release date. This court held that the claims were not cognizable in habeas, noting that the disciplinary segregation had concluded, and that "absent a showing that such sanctions in any given case require immediate judicial scrutiny, habeas corpus does not lie to address the imposition of a fine or the extension of a parole release date." *Id.* at 446. The trial court correctly concluded that this case is controlled by *Pham*.

Affirmed.